# THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

July 29, 2024

Grace Song, Esq.
Lewis Brisbois
77 Water Street, 21st Floor
New York, New York 10005

                    Re:    Yitzhak, et al. v. Verner, et al.
                            2:24-cv-03552

Dear Attorney Song:

      As you are aware, the undersigned is counsel to the Plaintiffs in the captioned matter. I am writing concerning the recently received documents in connection with the captioned matter.

      After we appeared before the Court last month, the Magistrate Judge issued an Order which reads, in part: "This case is primarily about Plaintiff getting access to documents to establish a paper trail concerning funds held at one point in Defendant Verner's escrow account." ECF 10. Indeed, in my letter to you of June 25, 2024, I confirmed that Plaintiffs are looking for the "paper trail concerning funds held at one point in Defendant Verner's escrow account" which includes emails, letters, etc. concerning the distributions made.

      It remains unclear to me why your client has refused to cooperate, even going so far as to remove the State Court action to Federal Court. Now, your client has directly violated the Court's Order in a continuing effort to hide information. The delayed response your client provided largely omitted the most important documents; those that establish the paper trail concerning the funds. Your client provides two statements from Wells Fargo only, which show only the following payments: $320,250 to Janet Lambe from the $595,274.87 payment from Plaintiffs' insurance carrier and then from the $1,003,557.18 money received, the following disbursements:

| | |
|---|---|
| Verner | $50,000 |
| Janet Lambe | $185,000 |
| Troy Lambe | $285,000 |
| Troy Lambe | $62,449 |
| Max Diversified | $15,000 |

Putting aside – temporarily – that the foregoing is inconsistent with Verner's prior representations, the total amount received was $1,598,832.05 and according to your client's records provided, the sum of $917,699 was disbursed.

Where is the rest of the money? Where is $681,133.05? Other questions include: why was money sent to Janet Lambe? Why was money sent to Max Diversified? And does the figure above include the $60,000 that Verner confirms he is holding in escrow?

Obviously, if your client provided complete records, the foregoing questions would be answered. As you know, your client provided no copies of checks, no banking information of sending or receiving institutions, no proof of wires, nor bank account numbers.

Your client also only provided a scant few emails concerning these transactions, and even what is provided is not supported. Your client referenced a check in his March 10, 2016 email to Lambe, but you provide no copy of the check. In a March 21, 2016 email, Verner references $215,000 that he paid to himself, but you fail to provide that check.

Although your client does provide extraneous documents, even that production is incomplete by your client's reference to an amended retainer letter with Lambe, but failure to provide it.

As has been the case in this and other matters, your client continues to refuse to comply with disclosure and now is in direct violation of the Court's Order. The Court wrote, as quoted above: "This case is primarily about Plaintiff getting access to documents to establish a paper trail concerning funds held at one point in Defendant Verner's escrow account." There is no question that your client has refused to obey the Court's clear and unambiguous directive by the refusal to provide copies of checks, wiring information, banking information, complete bank statements, or emails relating to any of these transactions. Moreover, by your client's own accounting $681,133.05 remains undisbursed. Kindly confirm that those funds remain in his escrow account.

The foregoing deficiencies and obvious refusal to adhere to the Court's Order shall be brought to the Court's attention tomorrow.

                                              Very truly yours,

                                              THE WEINSTEIN GROUP, P.C.

                                              LLOYD J. WEINSTEIN, Esq.