

Grace Song
77 Water Street, Suite 2100
New York, New York 10005
Grace.Song@lewisbrisbois.com
Direct: 646.666.7706

September 13, 2024

**VIA ECF**

Magistrate Judge Steven Locke
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722

Re: The Law Offices of Erica T. Yitzhak, et. al. v. Verner, et. al.
Case No.: 2:24-cv-03552

Dear Judge Locke:

We represent Defendant Paul Verner ("Verner") in the above referenced matter. We write in opposition to Plaintiff's motion to compel documents and answer interrogatories as such demands are improper and seeks information irrelevant to this matter.

The purpose of the Court's June 25, 2024 directives was for Defendant Verner was to establish a paper trail of Mr. Lambe's settlement funds from Defendant Verner's IOLA Account to Mr. Lambe. Defendant Verner's production, which includes Verner's Declaration and supporting exhibits, clearly establishes that the settlement funds were deposited to Defendant Verner's IOLA Account, and Mr. Lambe's portion of the funds were disbursed accordingly after Verner's attorney fees were deducted. Furthermore, Defendant Verner's production establishes that Mr. Lambe was informed and consented to the exact amount that was to be disbursed. Defendant Verner's production is annexed hereto as **Exhibit "A"**.

The production clearly establishes the following:

- On March 11, 2016, $595,274.87 was received and deposited to Defendant Verner's IOLA account;
- On March 21, 2016, $320,250.00 was disbursed to Mrs. Janet Lambe after Defendant Verner's attorney fees were deducted from $595,274.87;
- In May 2018, a total of $1,009,00.00 was deposited to Defendant Verner's IOLA Account; On May 4, 2018, $1,003,557.18 was deposited and on May 7, 2018, $5,422.80; and

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

145683237.1

- In May 2018, $537,499 was disbursed to Mr. and Mrs. Lambe after the attorneys were deducted from the $1,009,00.00.

Any additional demands regarding Defendant Verner's financials and IOLA Account is palpably improper and irrelevant to this matter. Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding non-privileged matter that is relevant to any party's claim or defense **and** proportional to the needs of the case"; See Sky Med. Supply Inc. v SCS Support Claim Servs., 2017 US Dist LEXIS 43668, (EDNY 2017) (finding financial documents sought must also be proportional to the needs of the case) Defendant Verner represented Mr. Lambe is a myriad of other cases, not relevant to the plaintiffs. Plaintiffs' request for the "bank statements, bank information wiring instructions, ACH instructions, accountings, ledgers, calculations, spreadsheets, emails, letters, text messages or other communications and other documents concerning money received from or for the benefit of" Troy Lamb, Janet Lambe, Max Diversified, and Sunray Solar, Inc. are utterly irrelevant and disproportional to this case.

Furthermore, the broad request of "bank statements for the Escrow, IOLA, IOLTA, Special, Trust or other similar attorney account for the time period January 2015 to the present day, of Paul W. Verner, individually and of Verner Simon" pertains to the identity, financial records, and private transaction information of client who are non-parties to this action. Such records are deemed confidential as per 12 NYCRR § 7000.11. Id. ("All Records, documents or other information identifying an attorney or law firm, client or third person of an IOLA account shall be confidential and shall not be disclosed by a banking institution except with the consent of the attorney or law firm maintaining the account or as required by law, regulation, administrative requirement or compulsory legal process.") Plaintiffs demands are evidently nothing more than a mere fishing expedition.

Accordingly, Defendant Verner respectfully requests that Defendant Verner's response be deemed proper and Plaintiff's motion to compel further production be denied. However, should the Court compel Defendants to provide supplemental responses, Defendants request a Protective Order pursuant to Civ. R. 26(c) limiting, specifying, or forbidding Plaintiffs' request/statements for admissions.

Respectfully yours,

/s/ Grace Song

GRACE SONG for
LEWIS BRISBOIS BISGAARD & SMITH LLP

**ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGE**
Magistrate Judge Steven Locke
September 13, 2024
Page 3


GS