# VERNER SIMON

30 WALL STREET, 8TH FLOOR ▪ NEW YORK, NEW YORK 10005 ▪ (212) 502 5500 / (212) 502 5400 FAX

October 8, 2024

**VIA ECF**
Hon. Magistrate Judge Steven I. Locke
U.S.D.C., Eastern District of New York
225 Cadman Plaza East
Courtroom 820
Brooklyn, New York 11201

                Re: *Yitzhak v. Lambe, Verner*
                Case No.: 24-cv-3552

Dear Magistrate Judge Locke:

I am the Respondent in this action couched as a "turnover" by the Petitioner Yitzhak, and her counsel, Lloyd Weinstein, Esq. Ms. Yitzhak and I are both attorneys and I came to represent her after she settled a large plaintiffs tort case with my former client, Troy Lambe and his companies. Attorney Weinstein has also appeared and substituted in as counsel in Ms. Yitzhak's legal malpractice action against me in the Southern District of New York 23-cv-2084.

I wish to personally report status to the Court. Yesterday I fully complied with the Court's September 16, 2024 Minute Order. I did so by producing to Mr. Weinstein (through my counsel) 2016 and 2018 IOLTA bank statements, related client authorizations from Mr. Lambe, a Declaration from me and a Trusty Ledger accounting spreadsheet. Those produced documents plainly demonstrate that <u>every dollar of the settlement funds</u> from the *Lambe, Sunray Solar et. al., v. Kahlon and Atlas Solar Holdings, LLC and Erica T. Yitzhak, Case No. 2:13-cv-03126* ("Federal Action") was disbursed by me either in the form or client proceeds or as attorneys' fees earned by me and my law firm by January 2020. Mr. Weinstein knows that fact as explained below.

The Court should know that I filed a Notice of Appearance in both this and the S.D.N.Y. actions representing my law firm's interests (as they may appear) when it became apparent that attorney Weinstein was whipsawing discovery demands in both this and the S.D.N.Y. case to gain leverage in a less than forthright manner. I attached here as **Exhibit 1**, Mr. Weinstein's latest filing in the S.D.N.Y. action, where he lambasts one of my defense counsel, Grace Song, a young associate from the Lewis Brisbois firm, using your September 16, 2024 Minute Order (ECF#17), in an example of Mr. Weinstein's over-the-top litigation style. I have been in practice in this Court for 35 years and I have also litigated against Mr. Weinstein in another matter which I frankly cannot specifically recall at this time. I certainly recall Mr. Weinstein, however, and know his tactics to include intentional gaming of the system - to say the least.

The reason that the Petitioner and her counsel know there is no money to turnover in this case is because it was in January 2020 when Mr. Lambe (my primary client) refused to continue to pay me any additional attorneys' fees, when all prior Retainer Deposits on <u>Mr. Lambe's seven different litigations</u> were exhausted, and when there were no monies whatsoever left in my bank accounts related to the Federal Action or the "Yitzhak Defense" action (*Kahlon et al. v. Yitzhak et al.*,

# VERNER SIMON

Hon. Magistrate Judge Sreven Locke ■ October 8, 2024 ■ Page 2

Supreme Court, Nassau County, Index No.: 601659/2016).  Ms. Yitzhak and her counsel are completely aware that there was no money left in the Verner Simon bank accounts because I made a detailed March 2020 Motion to Withdraw my representation of attorney Yitzhak in the Yitzhak Defense action due to her inability to compel Mr. Lambe to finance the defense under a contract of indemnity Lambe had entered into with Yitzhak.  In that Motion, all part of the public record in Nassau County, all of those facts were *disclosed on the record*.   These documents are easily discovered and I am sure they have already been reviewed in detail by Petitioner's counsel.
.
As the Court can easily see by a review of the Trust Ledger, my Declaration and the produced records (**Exhibit 2**), I do not possess any funds in which my former client, Mr. Lambe or his companies, or any affiliate of Mr. Lambe or his companies, could claim any interests.  The attorneys' fees which were earmarked for me and my firm were completely depleted in January 2020.  There have been no funds held by me at all (and any funds previously held were either my attorneys' fees and Retainer Deposits for future fees) and I presently have a debt owed by Mr. Lambe over any amounts previously deposited with me in any event.  *See*, the Trust Ledger, last page.

I expect Mr. Weinstein will make more specious complaints that he has not been provided every scintilla of the banking records but those complaints should be rejected.   No further records will alter the conclusion which is amply demonstrated by the banking records and Trust Ledger that I have produced.  This conclusion Petitioner knew before she lodged this "turnover" action – that all Lambe funds were paid out four years ago and no funds were ever held in escrow for the benefit of the Petitioner Yitzhak by Mr. Lambe's instructions to me.  By 2020 all monies in my accounts were converted to my earned attorneys' fees and accountings were given to Mr. Lambe – eventually on the record in Nassau County in the Yitzhak Defense case.  That is incontrovertible.

Thank you for your consideration.

Very truly yours,

VERNER SIMON

*/S/ PAUL W. VERNER*
PAUL W. VERNER