# EXHIBIT "A"

# VERNER SIMON

FIVE GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NJ 08053
(856) 817-6315 / (856) 817-6017 FAX

30 WALL STREET, 8ᵀᴴ FLOOR
NEW YORK, NEW YORK 10005
(212) 502 5500 / (212) 502 5400 FAX

PLEASE REPLY TO:  NEW YORK

pwverner@vernerlaw.com

March 26, 2014

**VIA EMAIL**
Mr. Troy Lamb
546 South Cooks Bridge Road
Jackson, NJ 08527

Sunray Solar Inc.
644 Cross Street, Suite 10
Lakewood, NJ 08701

Max Diversified Inc.
546 South Cooks Bridge Road
Jackson, NJ 08527

> Re:   Lamb et al v. Kahlon et al
> Our File: 982.012
> Case No.  13-3126

This Retainer Agreement is being entered into between the Verner Simon ("the firm", or "we" or "us"), and Mr. Troy Lamb, SUNRAY SOLAR INC., and MAX DIVERSIFIED INC. ("the client" or "you"). Please note that once this agreement is countersigned by you, it will constitute a legally binding contract.

## THE NATURE OF SERVICES TO BE RENDERED

This agreement confirms that you have retained this firm as your attorneys to act as counsel for you to prosecute a lawsuit for various contract and quasi contract claims against the Defendants in the above captioned action as have been heretofore presented by prior counsel. It is our intention to recover your losses through this litigation which we expect will continue to be venued in the US District Court for the Eastern District of New York. There is a possibility that other actions in other District Courts could be commenced.

The retainer fee required for our engagement (discussed below) does not include or apply to formal appearances and services rendered in courts; actions or proceedings other than the litigation for which this office has been retained described above. No appeals or post-judgment

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 2 of 9

actions, proceedings, or applications will be handled unless the firm's representation is secured by execution of another separate Retainer Agreement.


## STRATEGY GOING FORWARD

The strategy will be to engage in limited but strategic litigation events until financing for attorneys' fees can be acquired. We will appear in the federal court litigation, issue subpoenas to acquire information re GATS, engage in settlement negotiations with Defendant Yitzhak, engage is some landlord tenant defense, and certain other agreed litigation activity to protect the clients' rights.  As we secure financing, we will restructure the terms of the agreement which may or may not include contingent fee agreements.  The Client understands that the attorneys are taking over a litigation which was prepared and filed by another attorney, that we are assuming the role of attorney of record to protect the case on an emergent basis and that we reserve the right to withdraw from this engagement for any reason as a result.


## GENERAL TERMS OF REPRESENTATION

The client authorizes the firm to take any steps which, in the sole discretion of the firm are deemed necessary or appropriate to protect the client's interest in this matter. The client understands that no one particular member of the firm is being retained, but, rather the firm, as an entity is undertaking legal representation of the client pursuant to this retainer agreement and that the firm reserves the right to assign and delegate all aspects of such representation the firm, in its sole discretion, deems appropriate.

The client agrees to fully cooperate with the attorneys, paralegals, clerks or other members of the staff of the firm which are assigned on the case. The client also agrees to follow all instructions and advice which bear upon ethical, strategic or tactical considerations or matters, as the same are determined solely within the discretion of the firm.

In the event that the client fails or refuses to follow such advice or instructions of the firm in any respect, the client agrees that such failure or refusal shall be good cause for the law firm to withdraw its representation and the client hereby consents that the firm may so withdraw under such circumstances.

We shall provide you, should you desire it, with copies of correspondence and legal documents relating to your case and will keep you apprized of its status at all times.

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 3 of 9

## PAYMENT OF FEES

In order for us to begin our representation we will require a retainer which you have agreed to pay and we have agreed to accept in the sum of Seven Thousand Dollars ($7000). This Initial Retainer payment does not represent the amount of the overall fee which you will incur by virtue of our services. The amount of our eventual fee will be based upon our regular schedule of established hourly time charges, along with any out-of-pocket disbursements (such as court costs, messenger services, transcripts of proceedings, long distance telephone calls, telefaxes, process service fees, mileage, deposition and court transcripts and excess postage) which are incurred in your behalf.

You have agreed to a billing rate of $400.00 per hour for all partner attorney time, $250.00 for all associate attorney or local counsel time (if engagements of same are made) and $75.00 per hour for all paralegal time devoted to the matter. The firm charges paralegal time for paralegal type work even if it is performed by an attorney.

The retainer fees will be held in a trust account for your benefit. If services are required beyond the retainer fee, on a monthly basis we will present our bill for services and balances due on the current invoices shall paid within 20 days. If such payment is not made, we reserve the right to move to withdraw from your representation; alternatively, we may, under such circumstances, require that a larger retainer be paid. At the conclusion of this matter, any amount remaining in trust will be refunded to you, or to someone else, if you so direct.

The client further understands that the hourly rates apply to all time expended relative to the client's matter, including but not limited to, office meetings and conferences, telephone calls and conferences, either placed by or placed to the client, or otherwise made or had on the client's behalf or related to the client's matter, preparation, review and revision of correspondence, pleadings, motions, disclosure demands and responses, affidavits and affirmations, or any other documents, memoranda, or papers relative to the client's matter, legal research, court appearances, conferences, file review, preparation time, travel time and any other time expended on behalf of or in connection with the client's matter.

## MODIFICATION OF BILLING RATES

As it is not possible to predict with accuracy the period of time of this firm's representation of you, and for the purpose of providing you with a degree of certainty with regard to the firm's hourly charges during the period of representation, the firm herewith agrees to maintain the foregoing hourly rates for a period of one (1) year. The firm shall have the right, to increase such rates, but in no event beyond a ten (10%) percent per year increase, and you shall be notified of any increase at least thirty (30) days in advance of such increase, and such increase shall be

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 4 of 9

reflected in an amended written retainer agreement signed by you and the firm. Time is charged in increments of sixths of an hour.

## DISBURSEMENTS AND OUTSIDE CHARGES

In addition to the foregoing, your responsibility will include direct payment or reimbursement of this firm for disbursements advanced on your behalf, the same to include, but not necessarily be limited to, court filing fees, recording fees, charges of process servers, travel expenses, copying costs, messenger services, necessary secretarial overtime, transcripts and the customary fees of stenographers referable to examinations before trial in the event such examinations are utilized.

You have been advised that in order for us to properly protect your interests, it may be necessary to retain outside experts such as forensic experts, appraisers, actuaries, investigators and accountants.  You will be responsible for the costs incurred for any such service which in some cases may have to be paid in advance depending upon the requirements of the particular expert. No expert shall be retained without your prior approval.

## TERMINATION OF REPRESENTATION

Notwithstanding the above, if the attorney-client relationship is terminated without your matter having been concluded, e.g., if the action were discontinued, or if you were to discharge the firm as your attorney, or if the firm were to withdraw its representation, to the extent that the firm's current invoices were not satisfied by retainer funds on hand, or if there were a dispute over the fees due to the firm, a fair and reasonable fee would be determined in accordance with legally accepted standards.  Presently, the legally recognized elements of a reasonable fee, as set forth in the Code of Professional Responsibility, are as follows:

*       The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.

*       The likelihood, if apparent or made known to the client, that the acceptance of the particular   employment   will   preclude   other employment by the lawyer. (You should know that the firm, by accepting retention as your attorney, is clearly precluded from representing the opposing party against you).

*       The fee customarily charged in the locality for similar legal services.

*       The amount involved and the results obtained.

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 5 of 9

\*        The time limitations imposed by the client or by circumstances.

\*        The  nature  and  length  of  the professional relationship with the client.

\*        The experience, reputation and ability of the lawyer or lawyers performing the services.

\*        Whether the fee is fixed or contingent.

In the event that any bill from the firm remains unpaid beyond such thirty (30) day period, the client agrees that the firm may withdraw its representation, at the option of the firm. In the event that an action is pending, and absent your consent, an application must be made to the Court for such withdrawal. Where the fee is unpaid for the period set forth above, the client acknowledges that in connection with any such withdrawal application, that the account delinquency shall be good cause for withdrawal.

## TERMINATION AND RIGHT TO CHARGING LIEN

You are advised that if, in the judgment of this firm, we decide that there has been an irretrievable breakdown in the attorney-client relationship, or a material breach of the terms of this retainer agreement, we may decide to make application to the court in which your action is pending to be relieved as your attorneys.  In such event, you will be provided with notice of the application and an opportunity to be heard.  Should any fees be due and owing to this firm at the time of our discharge, we shall have the right, in addition to any other remedy, to seek a charging lien, i.e., a lien upon any award made to you as a result of settlement or judgment of the court.

While we expect to be paid the fee due us in a timely fashion, in situations where the client does not have funds readily available to pay additional fees as they accrue, we may, as an accommodation, agree to take a security interest in property in lieu of immediate payment. A security interest may take the form of a confession of judgment, promissory note, or mortgage upon specified property. In either event, a lien will attach to your property. In the case of your marital residence, any such security interest shall be non-foreclosable, i.e., we shall not force a sale of your home but would be paid at the time you sell the premises.

## RIGHT TO ARBITRATE

While we seek to avoid any fee disputes with our clients, in the event such a dispute does arise, you are advised that you have the right, at your election, to seek arbitration to resolve the fee dispute. In such event, we shall advise you in writing by certified mail that you have thirty (30) days from receipt of such notice in which to elect to resolve the dispute by arbitration, and we

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 6 of 9

shall enclose a copy of the arbitration rules and a form for requesting arbitration. The decision resulting from arbitration is binding upon both you and this firm. Further, if you do not file a request for arbitration within thirty (30) days after receiving our notice, we may commence an action against you to recover our fees.

It is specifically acknowledged by you that this firm has made no representations to you, express or implied, concerning the outcome of the litigation presently pending or hereafter to be commenced. You further acknowledge that this firm has not guaranteed and cannot guarantee the success of any action taken by the firm on your behalf.

## ACCURACY OF INFORMATION

We have informed you that pursuant to court rule, we are required as your attorneys to certify court papers submitted by you which contain statements of fact, and specifically to certify that we are aware of no inaccuracies in the court submission. Accordingly, you agree to provide us with complete and accurate information which forms the basis of court papers and to certify in writing to us, prior to the time the papers were actually submitted to the Court, the accuracy of the court submissions which we prepare on your behalf and which you shall review and sign.

## STATEMENT OF CLIENTS' RIGHTS AND RESPONSIBILITIES

Your attorney is providing you with this section to inform you of what you, as a client, are entitled to by law or by custom. To help prevent any misunderstanding between you and your attorney please read this section carefully.

If you ever have any questions about these rights, or about the way your case is being handled, do not hesitate to ask your attorney. He or she should be readily available to represent your best interests and keep you informed about your case.

An attorney may not refuse to represent you on the basis of race, creed, color, sex, sexual orientation, age, national origin or disability.

You are entitled to an attorney who will be capable of handling your case; show you courtesy and consideration at all times; represent you zealously; and preserve your confidences and secrets that are revealed in the course of the relationship.

You are entitled to a written retainer agreement which must set forth, in plain language, the nature of the relationship and the details of the fee arrangement. At your request, and before you

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 7 of 9

sign the agreement, you are entitled to have your attorney clarify in writing any of its terms, or include additional provisions.

You are entitled to fully understand the proposed rates and retainer fee before you sign a retainer agreement, as in any other contract.

You may refuse to enter into any fee arrangement that you find unsatisfactory.

Your attorney may not request a fee that is contingent on the securing of a divorce or on the amount of money or property that may be obtained.

Your attorney may not request a retainer fee that is non-refundable. That is should you discharge your attorney, or should your attorney withdraw from the case, before the retainer is used up, he or she is entitled to be paid commensurate with the work performed on your case and any expenses, but must return the balance of the retainer to you.  However, your attorney may enter into a minimum fee arrangement with you that provides for the payment of a specific amount below which the fee will not fall based upon the handling of the case to its conclusion.

You are entitled to know the approximate number of attorneys and other legal staff members who will be working on your case at any given time and what you will be charged for the services of each.

You are entitled to know in advance how you will be asked to pay legal fees and expenses, and how the retainer, if any, will be spent.

At your request, and after your attorney has had a reasonable opportunity to investigate your case, you are entitled to be given an estimate of approximate future costs of your case, which estimate shall be made in good faith but may be subject to change due to facts and circumstances affecting the case:

You are entitled to receive a written, itemized bill on a regular basis, at least every 60 days.

You are expected to review the itemized bills sent by counsel, and to raise any objections or errors in a timely manner. Time spent in discussion or explanation of bills will not be charged to you.

You are expected to be truthful in all discussions with your attorney, and to provide all relevant information and documentation to enable him or her to competently prepare your case.

## VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 8 of 9

You are entitled to be kept informed of the status of your case, and to be provided with copies of correspondence and documents prepared on your behalf or received from the court or your adversary.

You have the right to be present in court at the time that conferences are held.

You are entitled to make the ultimate decision on the objectives to be pursued in your case, and to make the final decision regarding the settlement of your case.

Your attorney's written retainer agreement must specify under what circumstances he or she might seek to withdraw as your attorney for nonpayment of legal fees. If an action or proceeding is pending, the court may give your attorney a "charging lien," which entitles your attorney to payment for services already rendered at the end of the case out of the proceeds of the final order or judgment

You are under no legal obligation to sign a confession of judgment or promissory note, or to agree to a lien or mortgage on your home to cover legal fees. Your attorney's written retainer agreement must specify whether, and under what circumstances, such security may be requested. In no event may such security interest be obtained by your attorney without prior court approval and notice to your adversary. An attorney's security interest in the marital residence cannot be foreclosed against you.

You are entitled to have your attorney's best efforts exerted on your behalf, but no. particular results can be guaranteed.

If you entrust money with an attorney for an escrow deposit in your case, the attorney must safeguard the escrow in a special bank account. You are entitled to a written escrow agreement, and may request that one or more interest-bearing bank accounts be used.

You also are entitled to a written receipt, and a complete record, concerning the escrow.

When the terms of the escrow agreement have been performed, the attorney must promptly make payment of the escrow to all persons who are entitled to it.

In the event of a fee dispute, you may have the right to seek arbitration. Your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

# VERNER SIMON

Mr. Troy Lamb
Sunray/Max
March 26, 2014
Page 9 of 9

## ACKNOWLEDGMENT AND UNDERSTANDING

The client acknowledges that he or she has read this agreement in its entirety, has had full opportunity to consider its terms and has had a full and satisfactory explanation of same, and fully understands its terms and agrees to such terms. The client further acknowledges that you have been provided with and read a Statement of Client's Rights and Responsibilities, a copy of which is contained in this Retainer Agreement.

Kindly indicate your understanding and acceptance of the above by signing and returning the duplicate original of this letter.

We appreciate the opportunity to serve you and I look forward to working with you.

Very truly yours,
VERNER SIMON

PAUL VERNER

## I HAVE READ AND UNDERSTAND THE ABOVE AND ACCEPT ALL OF ITS TERMS.

Mr. Troy Lamb, Individually
and on Behalf of Sunray Solar, Inc. and
Max Diversified, Inc.
Dated: 3 / 26 / 14

# VERNER SIMON

FIVE GREENTREE CENTRE
525 ROUTE 73 NORTH, SUITE 104
MARLTON, NJ 08053
(856) 817- 6315 / (856) 817- 6017 FAX

PLEASE REPLY TO:  NEW YORK

30 WALL STREET, 8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 502 5500 / (212) 502 5400 FAX

pwverner@vernerlaw.com

April 20, 2015

**VIA EMAIL**

Mr. Troy Lambe
546 South Cooks Bridge Road
Jackson, NJ 08527

Sunray Solar Inc.
644 Cross Street, Suite 10
Lakewood, NJ 08701

Max Diversified Inc.
546 South Cooks Bridge Road
Jackson, NJ 08527

Re:    Lamb et al v. Kahlon et al
Our File: 982.012
Case No.  13-3126

This Agreement changes the terms of the Retainer Agreement dated March 26, 2015 between the Verner Simon  ("the firm", or  "we" or "us"), and Mr. Troy Lamb, SUNRAY SOLAR INC., and MAX DIVERSIFIED INC. ("the client" or "you").  Please note that once this agreement is countersigned by you, it will constitute a legally binding contract.

## MODIFICATION OF FEE TERMS

Effective April 22, 2015, we will modify the rates to a ½ billing rate of $200.00 per hour for all partner attorney time, $125.00 for all associate attorney or local counsel time (if engagements of same are made) and $37.50 per hour for all paralegal time devoted to the matter.  The firm charges paralegal time for paralegal type work even if it is performed by an attorney.

In addition to these ½ rates, the firm will be entitled to a fee of 17% of the net recovery.  Net recovery is defined as the gross recovery from settlements, judgment collections or otherwise, less the unreimbursed expenses and disbursements which have been incurred by the firm on your behalf which will be repaid first.

VERNER SIMON

Mr. Troy Lamb
Sunray/Max
April 21, 2015
Page 2 of 2

No other terms of the March 26, 2014 Retainer Agreement are changed.

Very truly yours,
VERNER SIMON

PAUL VERNER

**I HAVE READ AND UNDERSTAND THE ABOVE
AND ACCEPT ALL OF ITS TERMS.**

Mr. Troy Lamb, Individually
and on Behalf of Sunray Solar, Inc. and
Max Diversified, Inc.
Dated: 4/26/18

# EXHIBIT "B"

**United States District Court**
**Eastern District Of New York**

------------------------------X

Troy Lambe, et al

              **Plaintiff(s)**

 -against-

Yossef Kahlon, et al

              **Defendant(s)**

------------------------------X

<u>**JUDGMENT IN A CIVIL CASE**</u>

13-CV-3126 (LDW)(AYS)

   **X**       **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

          **Decision by Court**. This action came to trial/hearing before the Court. The issues have been tried/heard and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that the plaintiffs (Troy Lambe, Sunray Solar, Inc. and Max Diversified, Inc.) be awarded compensatory damages in relation to all claims against the defendants (Yossef Kahlon, a.k.a. Jossef Kahlon, and Atlas Solar Holdings, LLC), except for plaintiffs' claim for malicious prosecution, in the amount of seven hundred and fifty thousand dollars ($750,000.00). **IT IS FURTHER ORDERED AND ADJUDGED** that plaintiffs be awarded punitive damages against the defendants in the amount of two hundred and fifty thousand dollars ($250,000.00). **IT IS FURTHER ORDERED AND ADJUDGED** that the defendants take nothing of the plaintiffs and that their counter claim be dismissed on the merits.

<u>**DOUGLAS C. PALMER**</u>
Clerk of the Court

*Eric L. Russo*

By: Eric L. Russo
Deputy Clerk

Dated: February 2, 2016
Central Islip, New York

MANDATE

16-2439-cv
Lambe v. Atlas Solar Holdings LLC.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY  ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of September, two thousand seventeen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                      *Circuit Judges.*
_____

TROY LAMBE, SUNRAY SOLAR INC., MAX
DIVERSIFIED INC.,

             *Plaintiffs-Counter-Defendants-Appellees*,

                      v.                                    16-2439-cv

ATLAS SOLAR HOLDINGS, LLC, YOSSEF KAHLON,
AKA JOSSEF KAHLON,

             *Defendants-Counter-Claimants-Appellants*.
_____

Appearing for Appellants:     Kathyrn C. Cole, Farrell Fritz, P.C.(James M. Wicks, Sarah M.
                              Baird, *on the brief*), Uniondale, NY

Appearing for Appellees:      Paul W. Verner, Verner Simon, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

1

MANDATE ISSUED ON 09/22/2017

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Atlas Solar Holdings, LLC and Yossef Kahlon (together, the "Kahlon Defendants") appeal from (1) the February 2, 2016 judgment in favor of plaintiffs Troy Lambe, Sunray Solar Inc., and Max Diversified Inc. (together, "Plaintiffs") entered in the United States District Court for the Eastern District of New York (Wexler, *J.*); (2) the January 29, 2016 order granting Plaintiffs' motion for a directed verdict on the Kahlon Defendants' counterclaim for fraud; and (3) the July 1, 2016 order denying the Kahlon Defendants' motion to amend the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Kahlon Defendants argue that the district court exceeded its discretion in not allowing them to seek a post-judgment setoff against the jury award pursuant to New York General Obligations Law § 15-108. We disagree. "[T]he New York Court of Appeals warned that 'as an affirmative defense, General Obligations Law § 15–108(a) must be pled by a tortfeasor seeking its protection.'" *Schipani v. McLeod*, 541 F.3d 158, 161 (2d Cir. 2008) (citing *Whalen v. Kawasaki Motors Corp., U.S.A.*, 92 N.Y.2d 288, 292 (1998)). A party may move "at any point before final judgment is entered" to amend its answer to assert a setoff pursuant to Section 15-108. *Id.* at 159.

The Kahlon Defendants argue amendment of their answer was unnecessary because their answer already pled a setoff as an affirmative defense. Their answer pled, in relevant part, that:

> The relief sought by Plaintiff against Defendants, if any be found, must be set off, reduced, abated and/or apportioned to the extent that Plaintiff's actions or omissions or bad faith caused or contributed to the damages and/or to the extent that Plaintiff's actions and/or omissions caused damage to Defendants.

App'x at 142.

This pleading is inadequate because the setoff it describes was to occur "to the extent that Plaintiff's actions or omissions or bad faith caused or contributed to the damages . . . ." A plain reading of the defense, as pled, means any award to the Plaintiffs must be decreased to the extent that the Plaintiffs caused or contributed to the damages. The answer does not satisfy New York's requirement that a Section 15-108 setoff be pled as an affirmative defense.

The district court did not exceed its discretion in denying the motion to amend post-judgment. "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990).

Moreover, the Kahlon Defendants failed to properly preserve this issue for appeal. The Kahlon Defendants make their argument regarding the district court's denial of its motion to

2

amend in a footnote in their opening brief. Appellants' Br. at 36 n. 13. "We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review." *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993). In their reply brief, the Kahlon Defendants reverse their position by stating in a footnote that they are not seeking to amend the answer. Appellants' Reply Br. at 7 n.5 ("we do not seek to amend our Answer.").

We have considered the remainder of the Kahlon Defendants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3

# EXHIBIT "C"

L137648E

**CNA**

Continental Casualty Company
Chicago, IL 60604

UNDERWRITTEN BY:
CONTINENTAL CASUALTY COMPANY

THIS DOCUMENT CONTAINS A WATERMARK - HOLD UP TO LIGHT TO VIEW

VOID IF PURPLE BACKGROUND IS ABSENT

| Claim Number | Prefix & Contract No. | From-thru (Dates) |
|---|---|---|
| LW A16194 | LAW 425197851 | |

In Payment of

| Desk Code | | Insured/Client | Claimant |
|---|---|---|---|
| VO | | THE LAW OFFICES OF ERICA TYIT | LANBE ET AL. TROY |

1L   6060A

SETTLEMENT LWA16194

10459064 9
Date Issued
02/26/16

Bank Acct.
47596280092

66-156
331

| Issuing Off. | Date of Loss |
|---|---|
| No. LW | 04/27/15 |

PAY  FIVE HUNDRED NINETY-FIVE THOUSAND TWO HUNDRED SEVENTY-FOUR AND 87/100THS ─────── Dollars

****$595,274.87

VOID IF NOT CASHED IN SIX MONTHS
FROM MONTH OF ISSUE

TO THE ORDER OF

VERNER SIMON, INC. F/B/O SUNRAY SOLAR, INC.,
AS ATTORNEYS FOR SUNRAY SOLAR, INC.

Wells Fargo Bank, N.A.

⑈10459064⑈  ⑈053101561⑈  47596 2809 2⑈

# EXHIBIT "D"

# Basic Business Checking® IOLTA

Account number: **5848704903** ■ March 1, 2016 - March 31, 2016 ■ Page 1 of 4



VERNER SIMON INC
NY IOLA ATTORNEY SPECIAL ACCOUNT
28170 RUFFIAN DR
BOERNE TX 78015-4806

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (348)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Cash flow is one of the most critical components of success for a small or
mid-sized business. Achieving a positive cash flow does not come by chance.
Learn more about managing cash flow by visiting wellsfargoworks.com.

### Account options

*A check mark in the box indicates you have these convenient
services with your account(s).  Go to wellsfargo.com/biz or
call the number above if you have questions or if you would
like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ✓ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

 IMPORTANT ACCOUNT INFORMATION

Periodically, we may evaluate the timing of statements, monthly service fee assessment and interest payments to your accounts. We
may adjust the timing in order to align your statement, monthly service fee assessment (if any) and interest payment dates with one
another. You may receive a partial statement that reflects activity and interest payments from the last statement date to the date of
the change. No monthly service fees will be assessed during a partial statement period and there will be no impact to your interest rate
or compounding frequency.

### Activity summary

| | |
|---|---|
| Beginning balance on 3/1 | $7,293,871.45 |
| Deposits/Credits | 595,625.79 |
| Withdrawals/Debits | - 5,066,300.78 |
| **Ending balance on 3/31** | **$2,823,196.46** |
| Average ledger balance this period | $3,060,466.33 |

Account number:  **5848704903**

**VERNER SIMON INC**
**NY IOLA ATTORNEY SPECIAL ACCOUNT**

*New York account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN):  026012881

For Wire Transfers use
Routing Number (RTN):  121000248



## Interest summary

| | |
|---|---|
| Interest paid this statement | $350.92 |
| Average collected balance | $3,060,466.33 |
| Annual percentage yield earned | 0.14% |
| Interest earned this statement period | $350.92 |
| Interest paid this year | $386.00 |
| Total interest paid in 2015 | $240.94 |

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 3/1 | | Wire Trans Svc Charge - Sequence: 160301142981 Srf# 0004638061237983 Trn#160301142981 Rfb# | | 30.00 | |
| 3/1 | | Wire Trans Svc Charge - Sequence: 160301143522 Srf# 0004638061140683 Trn#160301143522 Rfb# | | 30.00 | |
| 3/1 | | Wire Trans Svc Charge - Sequence: 160301143645 Srf# 0004638061145983 Trn#160301143645 Rfb# | | 30.00 | |
| 3/1 | | WT Fed#05429 Mufg Union Bank, N /Ftr/Bnf=Van Kampen Paine and Crowe Srf# 0004638061237983 Trn#160301142981 Rfb# | | 35,000.00 | |
| 3/1 | | WT Fed#05459 Citizens Bank, NAT /Ftr/Bnf=Liberty Holdings Nyc, LLC Srf# 0004638061140683 Trn#160301143522 Rfb# | | 662,915.00 | |
| 3/1 | | WT Fed#05514 Citizens Bank, NAT /Ftr/Bnf=Liberty Holdings Nyc. LLC Srf# 0004638061145983 Trn#160301143645 Rfb# | | 965,000.00 | 5,630,866.45 |
| 3/3 | | Wire Trans Svc Charge - Sequence: 160303135174 Srf# 0004638063628114 Trn#160303135174 Rfb# | | 30.00 | |
| 3/3 | | WT Fed#04585 The Privatebank An /Ftr/Bnf=Jh Portfolio Debt Equities, LLC Srf# 0004638063628114 Trn#160303135174 Rfb# | | 3,042,919.61 | 2,587,916.84 |
| 3/11 | | Deposit Made In A Branch/Store | 595,274.87 | | 3,183,191.71 |
| 3/21 | | Wire Trans Svc Charge - Sequence: 160321127171 Srf# 0004638081385055 Trn#160321127171 Rfb# | | 30.00 | |
| 3/21 | | Wire Trans Svc Charge - Sequence: 160321127220 Srf# 0004638081986055 Trn#160321127220 Rfb# | | 30.00 | |
| 3/21 | | Wire Trans Svc Charge - Sequence: 160321127357 Srf# 0004638081844055 Trn#160321127357 Rfb# | | 30.00 | |
| 3/21 | | WT Fed#02367 Royal Bank America /Ftr/Bnf=Paul and Brenda Verner Srf# 0004638081385055 Trn#160321127171 Rfb# | | 12,000.00 | |
| 3/21 | | WT Fed#02374 Jpmorgan Chase Ban /Ftr/Bnf=John M Turino Trust Srf# 0004638081986055 Trn#160321127220 Rfb# | | 16,500.00 | |
| 3/21 | | WT Fed#02561 Td Bank, NA /Ftr/Bnf=Janet Lambe Srf# 0004638081844055 Trn#160321127357 Rfb# | | 320,250.00 | 2,834,351.71 |
| 3/23 | | Wire Trans Svc Charge - Sequence: 160322144785 Srf# Trn#160322144785 Rfb# | | 30.00 | |
| 3/23 | | Wire Trans Svc Charge - Sequence: 160322144952 Srf# Trn#160322144952 Rfb# | | 30.00 | |
| 3/23 | | WT Fed#00944 Td Bank, NA /Ftr/Bnf=Boris Brownstein Srf# Trn#160322144785 Rfb# | | 700.00 | |
| 3/23 | | WT Fed#01030 Keybank National A /Ftr/Bnf=Buell Realtime Reporting LLC Srf# Trn#160322144952 Rfb# | | 10,395.25 | 2,823,196.46 |
| 3/31 | | Interest Payment | 350.92 | | |
| 3/31 | | Int Transferred to NY 000003377001239 | | 350.92 | 2,823,196.46 |
| **Ending balance on 3/31** | | | | | **2,823,196.46** |
| **Totals** | | | **$595,625.79** | **$5,066,300.78** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*



 # IMPORTANT ACCOUNT INFORMATION

Effective April 1, 2016, your account will no longer be subject to a $5 monthly service fee. This fee was netted against interest paid as allowable by law. The entire amount of interest earned on this account will be sent to the applicable State Foundation effective with the April 2016 remittance.

All other terms and conditions of your account will remain the same. If you have questions please contact your local banker or call the phone number listed at the top of your statement.

Overdraft Fee Waiver Clarification: We will waive any overdraft fees if both your ending daily account balance (posted balance) and your available balance (which includes pending transactions) are overdrawn by $5 or less and there are no items returned for insufficient funds at the end of our nightly processing. This fee waiver is associated with the total overdrawn balance, not the dollar size of the transaction(s) contributing to the overdrawn balance. To find out more about online banking tools that Wells Fargo offers to help you manage and track your spending, visit wellsfargo.com/biz/online_banking. For additional information, see your Account Agreement, speak with a local banker, or call the phone number on the top of your statement.

Account number:  **5848704903**  ■  March 1, 2016 - March 31, 2016  ■  Page 4 of 4



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at:  Overdraft Collections and Recovery. P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**

**B.** Any deposits listed in your        $ _____
register or transfers into          $ _____
your account which are not          $ _____
shown on your statement.          + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . $ . _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | **Total amount** $ |  |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# Basic Business Checking® IOLTA

Account number: **5848704903** ■ April 1, 2016 - April 30, 2016 ■ Page 1 of 3



VERNER SIMON INC
NY IOLA ATTORNEY SPECIAL ACCOUNT
28170 RUFFIAN DR
BOERNE TX 78015-4806

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS** (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (348)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

The plans you establish today will shape your business far into the future. The heart of the planning process is your business plan. Take the time now to build a strong foundation. Find out more at wellsfargoworks.com/plan.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ✓ |
| Online Statements | ✓ |
| Business Bill Pay | ✓ |
| Business Spending Report | ✓ |
| Overdraft Protection | ☐ |

## Activity summary

| | |
|---|---|
| Beginning balance on 4/1 | $2,823,196.46 |
| Deposits/Credits | 20,306.62 |
| Withdrawals/Debits | - 133,174.12 |
| **Ending balance on 4/30** | **$2,710,328.96** |
| Average ledger balance this period | $2,763,145.04 |

Account number: **5848704903**

**VERNER SIMON INC**
**NY IOLA ATTORNEY SPECIAL ACCOUNT**

*New York account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 026012881

For Wire Transfers use
Routing Number (RTN): 121000248

## Interest summary

| | |
|---|---|
| Interest paid this statement | $306.62 |
| Average collected balance | $2,763,145.04 |
| Annual percentage yield earned | 0.14% |
| Interest earned this statement period | $306.62 |
| Interest paid this year | $692.62 |



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|-------|-------------|---------|-----------|---------|
| 4/5 | | Online Transfer to Verner Simon Inc Ref #Ibexxkl485 Business Checking Lambe Fees Earned | | 5,000.00 | 2,818,196.46 |
| 4/7 | | Online Transfer to Verner Simon Inc Business Checking xxxxxx7097 Ref #Ibeggbksnf on 04/07/16 | | 5,000.00 | 2,813,196.46 |
| 4/11 | | Online Transfer to Verner Simon Inc Business Checking xxxxxx7097 Ref #Ibe8N87Vqg on 04/09/16 | | 20,000.00 | 2,793,196.46 |
| 4/14 | | Online Transfer From Verner Simon Inc Ref #Ibeggdcwgf Business Checking Lambe Fees | 20,000.00 | | |
| 4/14 | | Online Transfer to Verner Simon Inc Ref #Ibe5R7Wwl5 Business Checking Correction Mistaken Transfer | | 40,000.00 | |
| 4/14 | | Online Transfer to Verner Simon Inc Business Checking xxxxxx7097 Ref #Ibe8N9Dxnz on 04/14/16 | | 20,000.00 | 2,753,196.46 |
| 4/20 | | Wire Trans Svc Charge - Sequence: 160420153935 Srf# Trn#160420153935 Rfb# | | 30.00 | |
| 4/20 | | WT Fed#06876 Busey Bank /Ftr/Bnf=Mecum Auction Inc Srf# Trn#160420153935 Rfb# | | 42,837.50 | 2,710,328.96 |
| 4/29 | | Interest Payment | 306.62 | | |
| 4/29 | | Int Transferred to NY 000003377001239 | | 306.62 | 2,710,328.96 |
| **Ending balance on 4/30** | | | | | **2,710,328.96** |
| **Totals** | | | **$20,306.62** | **$133,174.12** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*



# IMPORTANT ACCOUNT INFORMATION

Overdraft Fee Waiver Clarification: We will waive any overdraft fees if both your ending daily account balance (posted balance) and your available balance (which includes pending transactions) are overdrawn by $5 or less and there are no items returned for insufficient funds at the end of our nightly processing. This fee waiver is associated with the total overdrawn balance, not the dollar size of the transaction(s) contributing to the overdrawn balance. To find out more about online banking tools that Wells Fargo offers to help you manage and track your spending, visit wellsfargo.com/biz/online_banking. For additional information, see your Account Agreement, speak with a local banker, or call the phone number on the top of your statement.



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery. P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation. In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

### Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement ...................... $ _____

**ADD**

**B.** Any deposits listed in your        $ _____
register or transfers into        $ _____
your account which are not        $ _____
shown on your statement.      + $ _____

........................................ TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

........................................ TOTAL $ _____

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above .............. - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register ........................ $ . _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  | **Total amount** $ |

©2010 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# Basic Business Checking® IOLTA

Account number:   **5848704903**   ■   May 1, 2016 - May 31, 2016   ■   Page 1 of 3



VERNER SIMON INC
NY IOLA ATTORNEY SPECIAL ACCOUNT
28170 RUFFIAN DR
BOERNE TX 78015-4806

### Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted
**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:*  wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (348)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

The plans you establish today will shape your business far into the future. The heart of the planning process is your business plan. Take the time now to build a strong foundation. Find out more at wellsfargoworks.com/plan.

### Account options

*A check mark in the box indicates you have these convenient services with your account(s).  Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☑ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

### Activity summary

| | |
|---|---|
| Beginning balance on 5/1 | $2,710,328.96 |
| Deposits/Credits | 39,378.66 |
| Withdrawals/Debits | - 2,749,563.66 |
| **Ending balance on 5/31** | **$143.96** |
| Average ledger balance this period | $1,558,120.73 |

Account number:   **5848704903**

**VERNER SIMON INC**
**NY IOLA ATTORNEY SPECIAL ACCOUNT**
*New York account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN):  026012881

For Wire Transfers use
Routing Number (RTN):  121000248

### Interest summary

| | |
|---|---|
| Interest paid this statement | $178.66 |
| Average collected balance | $1,558,122.77 |
| Annual percentage yield earned | 0.14% |
| Interest earned this statement period | $178.66 |
| Interest paid this year | $871.28 |



## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 5/9 | | Wire Trans Svc Charge - Sequence: 160509091644 Srf# Trn#160509091644 Rfb# | | 30.00 | |
| 5/9 | | Wire Trans Svc Charge - Sequence: 160509093710 Srf# Trn#160509093710 Rfb# | | 30.00 | |
| 5/9 | | WT Fed#09578 Busey Bank /Ftr/Bnf=Mecum Auction Inc Srf# Trn#160509091644 Rfb# | | 1,000.00 | |
| 5/9 | | WT Fed#09725 M and T Bank /Ftr/Bnf=Fellows Hymowitz Srf# Trn#160509093710 Rfb# | | 3,000.00 | 2,706,268.96 |
| 5/11 | | Online Transfer to Verner Simon Inc Ref #Iber5T7Zxf Business Checking Lambe Fees Earned | | 5,000.00 | 2,701,268.96 |
| 5/13 | | Online Transfer to Verner Simon Inc Ref #Ibe8Nld7C9 Business Checking Move Lambe Funds | | 115,150.00 | 2,586,118.96 |
| 5/19 | | Wire Trans Svc Charge - Sequence: 160519130662 Srf# 0004638140177750 Trn#160519130662 Rfb# | | 30.00 | |
| 5/19 | | WT Seq130662 Ophrys, LLC, General Ac /Bnf=Ophrys, LLC Srf# 0004638140177750 Trn#160519130662 Rfb# | | 2,300,000.00 | 286,088.96 |
| 5/20 | | Online Transfer From Verner Simon Inc Business Checking xxxxxx4895 Ref #Ibekct3Mjt on 05/20/16 | 30,000.00 | | |
| 5/20 | | Wire Trans Svc Charge - Sequence: 160520028979 Srf# Trn#160520028979 Rfb# | | 30.00 | |
| 5/20 | | Wire Trans Svc Charge - Sequence: 160520029356 Srf# Trn#160520029356 Rfb# | | 30.00 | |
| 5/20 | | Wire Trans Svc Charge - Sequence: 160520068189 Srf# Trn#160520068189 Rfb# | | 30.00 | |
| 5/20 | | WT Fed#02599 Mufg Union Bank, N /Ftr/Bnf=Van Kampen Paine & Crowe Pllc Srf# Trn#160520028979 Rfb# | | 70,000.00 | |
| 5/20 | | WT Fed#02840 Bank of America, N /Ftr/Bnf=Dbi Coinvestor Fund VIII LLC Srf# Trn#160520029356 Rfb# | | 136,020.00 | |
| 5/20 | | Online Transfer to Verner Simon Inc Ref #Iber5Wzffk Business Checking Potential Dbi Fees | | 30,000.00 | |
| 5/20 | | WT Fed#06952 Bank of America, N /Ftr/Bnf=Dbi CO Investor Fund VIII LLC Srf# Trn#160520068189 Rfb# | | 30,000.00 | |
| 5/20 | | Withdrawal Made In A Branch/Store | | 50,000.00 | -21.04 |
| 5/23 | | Overdraft Fee for a Transaction Posted on 05/20 $50,000.00 Withdrawal Made In A Branch/Store | | 35.00 | |
| 5/23 | | Online Transfer From Verner Simon Inc Business Checking xxxxxx2946 Ref #Iber5Xj4Lp on 05/22/16 | 200.00 | | 143.96 |
| 5/31 | | Online Transfer From Verner Simon Inc Ref #Ibe8Nql692 Business Checking Lambe Fees Earned | 9,000.00 | | |
| 5/31 | | Online Transfer to Verner Simon Inc Ref #Ibe5Rp64N3 Business Checking Correction Lambe Fees Wrong Account | | 9,000.00 | |
| 5/31 | | Interest Payment | 178.66 | | |
| 5/31 | | Int Transferred to NY 000003377001239 | | 178.66 | 143.96 |
| **Ending balance on 5/31** | | | | | **143.96** |
| **Totals** | | | **$39,378.66** | **$2,749,563.66** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*



## General statement policies for Wells Fargo Bank

■ **Notice:** Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies. If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at: Overdraft Collections and Recovery  P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation.  In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

## Account Balance Calculation Worksheet

1.  Use the following worksheet to calculate your overall account balance.

2.  Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3.  Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**

**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . $

**ADD**

**B.** Any deposits listed in your          $
register or transfers into          $
your account which are not          $
shown on your statement.        + $

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $

**SUBTRACT**

**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . - $

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . $ .

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  | **Total amount  $** |

©2010 Wells Fargo Bank, N.A. All rights reserved.  Member FDIC.  NMLSR ID 399901

# Basic Business Checking® IOLTA

Account number:  **5848704903**  ■  June 1, 2016 - June 30, 2016  ■  Page 1 of 4



VERNER SIMON INC
NY IOLA ATTORNEY SPECIAL ACCOUNT
28170 RUFFIAN DR
BOERNE TX 78015-4806

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
Telecommunications Relay Services calls accepted

**1-800-CALL-WELLS**  (1-800-225-5935)

*TTY:* 1-800-877-4833
*En español:* 1-877-337-7454

*Online:*  wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (348)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

The plans you establish today will shape your business far into the future. The heart of the planning process is your business plan. Take the time now to build a strong foundation. Find out more at wellsfargoworks.com/plan.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s).  Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☑ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |



# ☑ IMPORTANT ACCOUNT INFORMATION

The section titled "Rights and Responsibilities" - "Are we allowed to close your account" and "When are you allowed to close your account" in your Account Agreement have been deleted and replaced by the following effective August 5, 2016.

**When can your account be closed?**

We can close your account at any time. If the account is closed, we may send the remaining balance on deposit in your account by traditional mail or credit it to another account you maintain with us.

We may, but are not required to allow you to leave on deposit sufficient funds to cover outstanding items to be paid from your account.

- If we do allow funds to remain on deposit, the terms and conditions of the Agreement will continue to apply until we make a final disbursement from your account.

- If we do not allow you to keep funds on deposit, we will not be liable for any loss or damage that may result from dishonoring any of your items that are presented or otherwise received after your account is closed.

Account number:  **5848704903**  ■  June 1, 2016 - June 30, 2016  ■  Page 2 of 4



- You can close your account at any time if the account is in good standing (e.g., does not have a negative balance or any restrictions on the account).

- If your account is an interest-earning account, it will cease to earn interest from the date you request it be closed.

- If your account has Overdraft Protection and/or Debit Card Overdraft Service, these services will be removed when you request to close your account.

- If your account balance does not reach zero within 30 days from the date of your request to close your account, we will charge you the applicable monthly service fee if you do not meet the requirements to avoid the monthly service fee. If the monthly service fee is greater than your account balance, only the amount equal to your account balance will be charged and your account will be closed.

- After 30 days, if your account balance does not reach zero, your account will be returned to active status and subject to all applicable fees. If your account is a variable interest earning account, the interest rates disclosed in the rate sheet in effect on the date your account is returned to active status will apply. We may change the interest rate for variable rate accounts at any time. You will need to reestablish Overdraft Protection and/or Debit Card Overdraft Service if desired by contacting your banker or calling the number on your statement.

## Activity summary

| | |
|---|---|
| Beginning balance on 6/1 | $143.96 |
| Deposits/Credits | 10,500.02 |
| Withdrawals/Debits | - 10,230.63 |
| **Ending balance on 6/30** | **$413.35** |
| Average ledger balance this period | $152.93 |

Account number:  **5848704903**

**VERNER SIMON INC**
**NY IOLA ATTORNEY SPECIAL ACCOUNT**
*New York account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN):  026012881

For Wire Transfers use
Routing Number (RTN):  121000248

## Interest summary

| | |
|---|---|
| Interest paid this statement | $0.02 |
| Average collected balance | $152.93 |
| Annual percentage yield earned | 0.16% |
| Interest earned this statement period | $0.02 |
| Interest paid this year | $871.30 |

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 6/30 | | Online Transfer From Verner Simon Inc Business Checking xxxxxx4895 Ref #Ibe8P39J2W on 06/30/16 | 10,500.00 | | |
| 6/30 | | Wire Trans Svc Charge - Sequence: 160630140048 Srf# Trn#160630140048 Rfb# | | 30.00 | |
| 6/30 | | WT Fed#06630 Bank of America, N /Ftr/Bnf=American Adventure RV Rentals LLC Srf# Trn#160630140048 Rfb# | | 10,200.61 | |
| 6/30 | | Interest Payment | 0.02 | | |
| 6/30 | | Int Transferred to NY 000003377001239 | | 0.02 | 413.35 |
| | | **Ending balance on 6/30** | | | **413.35** |
| **Totals** | | | **$10,500.02** | **$10,230.63** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted.  If you had insufficient available funds when a transaction posted, fees may have been assessed.*

Account number:   **5848704903**   ■   June 1, 2016 - June 30, 2016   ■   Page 3 of 4



 IMPORTANT ACCOUNT INFORMATION

**Revised Agreement for Online Access**
We're updating our Online Access Agreement effective September 15, 2016.
To see what is changing, please visit wellsfargo.com/onlineupdates.



---

### General statement policies for Wells Fargo Bank

■  **Notice:**  Wells Fargo Bank, N.A. may furnish information about accounts belonging to individuals, including sole proprietorships, to consumer reporting agencies.  If this applies to you, you have the right to dispute the accuracy of information that we have reported by writing to us at:  Overdraft Collections and Recovery, P.O. Box 5058, Portland, OR 97208-5058.

You must describe the specific information that is inaccurate or in dispute and the basis for any dispute with supporting documentation.  In the case of information that relates to an identity theft, you will need to provide us with an identity theft report.

---

### Account Balance Calculation Worksheet

1.  Use the following worksheet to calculate your overall account balance.

2.  Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3.  Use the chart to the right to list any deposits, transfers into your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**
**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**
**B.** Any deposits listed in your                     $ _____
register or transfers into                              $ _____
your account which are not                            $ _____
shown on your statement.                            + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **TOTAL** $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **TOTAL** $ _____

**SUBTRACT**
**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . $ . _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | **Total amount  $** |  |

©2010 Wells Fargo Bank, N.A. All rights reserved.  Member FDIC.  NMLSR ID 399801