THE WEINSTEIN GROUP, P.C.

6800 JERICHO TURNPIKE, SUITE 112W • SYOSSET, NEW YORK 11791 • TEL: 516-802-5330 • FAX: 516-802-5332

October 9, 2024

MAGISTRATE JUDGE STEVEN I. LOCKE
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

          Re:    Yitzhak, et al. v. Lambe, et al.
                  2:24-cv-03552

Dear Judge Locke:

      As the Court will recall, Respondent Verner sought an extension to respond to the overdue discovery demands which was granted by the Court in its Order of September 27, 2024, allowing until October 7 to "produce the discovery as directed in the Court's September 16, 2024 Order." At 11:56pm on October 7, Petitioner received what Mr. Verner oddly also filed online as his purported response in the form of opposition to the pending motion for turnover of funds.

      Respondent was specifically directed to comply with the discovery demands "without objections." As the Court can see in his filing, not only does Respondent Verner fail to provide complete responses, discussed below, he does so with several pages of objections, in direct violation of the Court's Order.

      Critically missing from the information provided is any account information of the destination accounts where Verner diverted the funds. Curiously present are several transactions from Verner's escrow accounts and ledgers directly to (a) his parents (Paul and Brenda Verner); (b) to purchase property in Colorado and (c) to non-parties for unknown reasons including "John Turino[1]", "Shotgun", "Vacca", "Bassie", "NJ Defamation", "Sovereign Bank", "Amex", "Landlord", "Corporate Murder", "Gun Permit", ISO/FLA JV Agreement", "TJ Management", "Ed Gurin", "Botton/Quinn Negligence" and "Personal Loan" none of which are explained in any fashion whatsoever. The Court should note that the ledger Respondent Verner provides does not match the limited escrow records he provided.

      Although Verner studiously avoids providing an easy accounting for this Court, below is the calculation surrounding his production:

| Date | Recipient | Amount | Balance in IOLTA |
|---|---|---|---|
| 3/11/16 | Verner Simon IOLTA | $595,274.87 | $595,274.87 |
| 3/21/16 | Janet Lambe | $320,250 | $275,024.87 |
| 4/5/16 | Verner Simon | $5,000 | $270,024.87 |
| 4/14/16 | Verner Simon IOLTA | $20,000 | $290,024.87 |
| 5/11/16 | Verner Simon | $5,000 | $285,024.87 |
| 5/13/16 | Verner Simon | $115,150 | $169,874.87 |
| 5/31/16 | Verner Simon IOLTA | $9,000 | $178,874.87 |
| 5/31/16 | Verner Simon | $9,000 | $169,874.87 |
| 5/4/18 | Verner Simon IOLTA | $1,003,557.18 | $1,173,432.05 |
| 5/7/18 | Verner Simon IOLTA | $5,442.82 | $1,178,874.87 |
| 5/17/18 | Janet Lambe | $185,000 | $993,874.87 |

---

[1] Upon information and belief, John Turino is a non-attorney who referred Troy Lambe and his entities to Paul Verner.

| Date | Payee | Amount | Balance |
|---|---|---|---|
| 5/21/18 | Max Diversified Inc | $15,000 | $978,874.87 |
| 5/21/18 | Troy Lambe | $275,000 | $703,874.87 |
| 5/30/18 | Troy Lambe | $62,449 | $641,425.87 |

The foregoing demonstrates that according to Verner's own accounting, the sum of $641,425.87 remains subject to collection by Judgment Creditors. It is shocking to note that, in addition to the unusual payments of fees made to non-parties as identified herein, on May 20, 2016, Verner's Escrow Account went into the negative when he withdrew $50,000. Support for the foregoing is set forth in Respondent Verner's production, efiled with the Court.

However, as is set forth below Mr. Verner continues to engage in gamesmanship, delay and now contempt of the Court's directives. For clarity, most of the discovery demands substantially read: "Bank statements, bank information, wiring instructions, ACH instructions, accountings, ledgers, calculations, spreadsheets, emails, letters, text messages or other communications and other documents concerning money received from or for the benefit of Troy Lambe." The name of the beneficiary is different in each demand (Janet Lambe, Max Diversified, Sunray Solar).

In response, Verner did not provide: (a) Bank statements; (b) Bank information; (c) Wiring instructions; (d) ACH instructions; (e) Calculations; (f) Spreadsheets; (g) Emails; (h) Letters; or (i) Text messages. For example, Demand Number 10 reads: "True copies of bank statements for the Escrow, IOLA, IOLTA, Special, Trust or other similar attorney account for the time period January, 2015 to the present day, of Paul W. Verner, individually and of Verner Simon." Verner did not comply with this demand.

Demand 11 reads: "Documents which support or refute the allegations made in the Affidavit of Troy Lambe dated May 29, 2020, filed at NYSCEF 150, and specifically at paragraph 10 thereof which reads, in part: "Mr. Verner is protected because he continues to hold by my calculations in escrow a substantial amount of monies (approx. $94,500.00-$418,000.00) from the Federal Court and Yitzhak settlements of $1.6 Million Dollars combined, which he will maintain until the fee dispute is resolved." Verner did not respond to this demand.

Demand 12 reads: "12. Documents that concern Respondent's written representation on February 14, 2024 that "monies were paid to me [Verner]" including an accounting of monies referenced, how the same were sent and received and how the same were used, if they were." Verner did not respond to this demand.

Respondent Verner did not provide any document that supported his numerous affirmative defenses (Demands 14-17), did not provide documents in support of his written representation that "funds were depleted" (Demand 13), and did not provide documents in support of his Declaration dated July 25, 2024 (Demands 19-22), 25-27).

Mr. Verner did not provide a response to the interrogatory demands at all.

With respect to Mr. Verner's unusual status report filed, much of what he claims will be addressed in his deposition. However, one comment warrants response herein. Mr. Verner writes: "and I have also litigated against Mr. Weinstein in another matter which I frankly cannot specifically recall at this time. I certainly recall Mr. Weinstein, however, and know his tactics to include intentional gaming of the system - to say the least." ECF Doc. No. 22. The matter that Mr. Verner is referencing is Gettry Marcus Stern & Lehrer v. Verner Simon and Paul Verner, Supreme Court, Nassau County, Index Number 278/2006, where Verner and his firm were sued for non-payment of my client's accounting services. Mr. Verner's meaningless personal attack aside, he can provide to this Honorable Court the details of that matter, the stated reasons he made my client chase him for years to obtain payment for services rendered, the determinations of the Supreme Court and the conclusion of that case.

Returning to this matter, it is clear that Respondent Verner has knowingly and intentionally not complied with the Court's Orders in several meaningful ways: (a) he failed to provide the bank routing or account information of any recipient of funds; (b) he failed to explain why his escrow records reflect that certain parties simultaneously received funds (John Turino, Durango title, Paul and Brenda Verner, etc.; (c) he failed to produce the complete bank statements demonstrating the transactions; and (d) he improperly raised objections in defiance of the Court's Orders.

Respondent Verner also studiously avoids the content of his prior declaration which confirms that he is still holding funds which are subject to collection which were earmarked for the Judgment Debtor.[2] In fact, in his odd filing, Verner now asserts that the excess funds were earmarked for him, but provides no evidence of the same.

The only one portion of Verner's status letter that is accurate is his admission of conversion of funds from his escrow account: "By 2020 all monies in my accounts were converted to my earned attorneys' fees…" ECF Doc. No. 22.

Plainly, Mr. Verner is playing games with his discovery obligations. He has disobeyed this Court's directives several times and his attorneys are helping him to do so.

Judgment Creditors are merely seeking to enforce their Judgment. For reasons that are now clear – Verner converted the money to which Creditors are entitled – Verner has refused cooperation, defied process and ignored this Court's clear instructions.

Efforts to discuss the foregoing were made, but Respondent's counsel was not available at the time of the filing of this request to the Court.

Request is herein made by Petitioner to move this Court for a finding of contempt of Court, seeking recovery of legal fees and costs and requiring Respondent to fully and completely respond to the outstanding discovery demands.

Respectfully submitted,

THE WEINSTEIN GROUP, P.C.

LLOYD J. WEINSTEIN, Esq.

---

[2] In his Declaration dated July 25, 2024, Respondent Verner swears: "16. In summary, the Exhibits A – K show the receipt of the two settlement sums in 2016 and 2018, the disbursements to the clients of net settlement proceeds **after** deducting my attorneys' fees and **the fact that the amounts left in my bank accounts** were earmarked for defense costs in Yitzhak Defense Case and at least four other Lambe/Sunray defense cases" Emphasis added.