

Erin O'Leary
Grace Song
77 Water Street, Suite 2100
New York, New York 10005
Erin.oleary@lewisbrisbois.com
Grace.Song@lewisbrisbois.com
Direct: 646.666.7706

October 14, 2024

**VIA ECF**

Magistrate Judge Steven Locke
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

Re: The Law Offices of Erica Yitzhak, et. al. v. Lambe, et. al.
Case No. 2:24-cv-03552

Dear Judge Locke:

We write on behalf of Respondent Paul Verner in response to Petitioner's Letter Motion for Contempt (Doc. No. 24) dated October 9, 2024. We respectfully request the Court to deny Mr. Weinstein's letter motion for contempt (Doc. No. 24) as there is no basis for contempt and we have complied with the Court's September 16, 2024 and September 27, 2024 Orders.

It is well established that in a civil contempt proceeding, a court will not find contempt "unless [i] the order violated . . . is clear and unambiguous, [ii] the proof of [the violation] is clear and convincing, and [iii] the [violator] was not reasonably diligent in attempting to comply." *EEOC v. New York Times, Co.,* 196 F.3d 72, 80-81 (2d Cir. 1999)(internal quotations and citations omitted). A "clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed." *King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir. 1995)(internal quotations and citation omitted). Further, the enjoined parties "must be able to ascertain from the four corners of the order precisely what acts are forbidden." *Id*. (citation omitted). A finding of contempt "is a potent weapon to which courts should not resort where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Perez v. Danbury Hosp.,* 347 F.3d 419, 425 (2d Cir. 2003)(internal quotations and citation omitted).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

147240530.1

In the Second Circuit, in order to establish contempt, "a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez*, 347 F.3d at 423-24 (citation omitted). Here, Mr. Weinstein cannot satisfy any of the necessary elements.

On October 7, 2024, we made a supplemental production in compliance with the Court's orders which was full, robust and eliminated any further question of fact relevant to this turnover proceeding. The production of bank statements included Mr. Verner's Declaration and his Trust Ledger with supporting exhibits showing the clients' authorization to release settlement funds. (Doc. No. 23). The objective of the supplemental production, as is the objective of the turnover proceeding itself, is clear: to establish whether any of Mr. Lambe's settlement funds remain in Mr. Verner's IOLA trust account. We have clearly established, through our first and supplemental production, that there is **zero** money remaining in Mr. Verner's IOLA account since 2020. Mr. Verner is not withholding any funds that belong to Mr. Lambe and has held the clients' money since 2018. We have complied with the Court's orders and established that approximately $917,699 were disbursed to Mr. Lambe (clients' settlement proceeds). Beyond that, we have shown that, pursuant to retention agreements and invoices duly presented in 2020 to the clients, Mr. Verner earned and distributed his attorneys' fees in the sum of $681,133. As stated above, the remaining balance was zero in January 2020.

Nevertheless, Mr. Weinstein needlessly demands some manner of additional production well beyond a showing that the judgment debtors' funds were distributed out of the account in 2018. Mr. Weinstein's client, Ms. Yitzhak, has no legal, equitable or beneficial interest in Mr. Verner's earned legal fees. Mr. Weinstein's additional, cumulative and disproportionate probing is simply improper. *Forsythe v. Midland Funding LLC*, No. 18 CV 03276 (ARR) (CLP), 2019 U.S. Dist. LEXIS 8568 (E.D.N.Y. 2019); Fed. R. Civ. P. 26(b)(2)(C). More precisely, Yitzhak's demands go well beyond the Court's orders and are not objective of the supplemental production – which is insufficient to establish contempt.

Finally, Mr. Weinstein's letter motion for contempt is premised on the unredacted bank statements that were inadvertently filed and made public. Mr. Weinstein breached this Court's September 16, 2024 Order directing him to maintain such records "attorneys' eyes only". We therefore find it a bit ironic that Mr. Weinstein insinuates some impropriety by the Respondent (and wrongly alleged stakeholder), attorney Verner by openly violating this Court's order to maintain confidentiality of Verner's IOLTA records.

As we stated in our letter motion requesting to seal the unredacted bank statements (Doc. No. 25), Mr. Weinstein's letter motion for contempt should be denied as such motion is premised on bad faith and is, itself, a breach of this Court's Order. Accordingly, we request that Mr. Weinstein's letter motion for contempt to be denied.

We thank the Court for its time and consideration in this regard.

Respectfully yours,

*/s/ Erin O'Leary*

Erin O'Leary for
LEWIS BRISBOIS BISGAARD &
SMITH LLP

Respectfully yours,

*/s/ Grace Song*

Grace Song for
LEWIS BRISBOIS BISGAARD & SMITH LLP