UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE LAW OFFICES OF ERICA T. YITZHAK AND
ERICA T. YITZHAK, ESQ. P.C.,

                                  Petitioner,

    -against-

TROY LAMBE, MAX DIVERSIFIED INC.,
SUNRAY SOLAR INC., AND PAUL VERNER,

                                 Respondent(s),
------------------------------------------------------------------------X

**Case: 2:24-cv-03552-RER-SIL**

**Referred to Honorable Magistrate Judge Steven Locke**

## **MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT PAUL VERNER'S MOTION TO QUASH SUBPOENA**

                      Respectfully submitted,

                      **LEWIS BRISBOIS BISGAARD & SMITH LLP**
                    Erin O'Leary, Esq.
                    *Attorneys for Respondent*
                    PAUL VERNER
                    77 Water Street, Suite 2100
                    New York, New York 10005
                    Tel: (212) 232-1408
                    Email: erin.oleary@lewisbrisbois.com

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 4

PRELIMINARY STATEMENT ...................................................................................... 4

BACKGROUND ............................................................................................................... 4

LEGAL ARGUMENT ....................................................................................................... 6

   I.    RESPONDENT PAUL VERNER HAS STANDING TO MOVE TO QUASH THE SUBPOENA AND MAY ASSERT ANY OBJECTION PERMITTED UNDER RULE 26 .... 6

   II.   THE SUBPOENA SEEKS SENSITIVE FINANCIAL AND OTHER DOCUMENTS WHICH ARE IRRELEVANT AND NOT PROPORTIONAL TO THE NEEDS OF THE CASE ........................................................................................................................ 7

   III.  THE SUBPOENA IS OVERBROAD, DUPLICATIVE, UNDULY BURDENSOME, AND MOOT ................................................................................................................. 9

CONCLUSION ................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. A & F Med. P.C.,* No. 14-CV-6756, 2016 U.S. Dist. LEXIS 168554, 2016 WL 7116067, at *2 (E.D.N.Y. Dec. 6, 2016) ................................................................. 6

*Ebbert v. Nassau County*, 2007 US Dist LEXIS 15159, at *11 (E.D.N.Y. 2007) .......................... 9

*Ford Motor Credit Co. v. Meehan*, No. CV 05-4807 (DRH) (AKT), 2008 U.S. Dist. LEXIS 53192, at *12 (E.D.N.Y. July 11, 2008) ....................................................................... 8

*Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, at *13 (E.D.N.Y. Oct. 6, 2006) .................................................................... 7

*In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. MISC 08-347(ARR)(MDG), 2010 U.S. Dist. LEXIS 40653, at *14-15 (E.D.N.Y. Feb. 5, 2010) ..................................................... 6

*Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920 (E.D.N.Y. Mar. 31, 2016) ............................................................................................. 9

*Orly Indus., Inc. v. Rite Aid Hdqtrs. Corp.*, No. 12-CV-855, 2014 U.S. Dist. LEXIS 79627, at *2 (E.D.N.Y. June 11, 2014 ................................................................................................. 6

*Sky Med. Supply Inc. v. SCS Support Claim Servs.*, 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y. Mar. 24, 2017) ............................................................................................. 8

*Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2017 U.S. Dist. LEXIS 43668, at *26 (E.D.N.Y. Mar. 24, 2017) ............................................................ 6

*Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) ................................................. 8

*Trump v. Vance*, 941 F.3d 631, 642 n.15 (2d Cir. 2019) ............................................................... 6

*Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) ..................................................... 7, 9

## INTRODUCTION

Respondent Paul Verner ("Mr. Verner"), by and through his attorneys, respectfully submits this Memorandum of Law in support of his motion to quash the subpoena ("Subpoena"), pursuant to pursuant to the Federal Rules of Civil Procedure 26(c) and 45, served by counsel on behalf of the Petitioners, THE LAW OFFICES OF ERICA T. YITZHAK AND ERICA T. YITZHAK, ESQ. P.C., ("Petitioners") upon Wells Fargo Bank, entry of protective order, and for such other and further relief as this Court may deem just and proper. A copy of the Subpoena is annexed as Exhibit A.

## PRELIMINARY STATEMENT

Petitioner's Subpoena is patently improper and exceedingly overbroad as it seeks production of Mr. Verner's complete IOLA Wells Fargo Bank account records which contain confidential, proprietary and sensitive information of clients that have nothing to do with the instant turn over action. The IOLA account at issue is a general and *unsegregated* account that serves his entire client base, and a production of the records from Wells Fargo bank would include private and confidential information about Mr. Verner's current and former clients who are not parties to this action. At the very core, Petitioners' request for **eight years'** of IOLA account records, without any limitation, serves no purpose but to harass as the contents are entirely unrelated to the claims or defenses of this case. Moreover, the need for any Subpoena is now moot given Mr. Verner's supplemental production of October 7, 2024. For these reasons as more fully explained below, we respectfully submit the Subpoena should be quashed.

## BACKGROUND

Mr. Troy Lambe was awarded approximately $1.6 Million from settling with Ms. Yitzhak for $600,000 and obtaining a jury verdict for $1 Million in the federal case of *Lambe, Sunray Solar et. al., v. Kahlon and Atlas Solar Holdings, LLC and Erica T. Yitzhak, Case No. 2:13-cv-03126*

4

("Federal Action"). Respondent Verner represented Mr. Lambe and his companies in the Federal Action.

On January 29, 2016, Mr. Lambe settled with Ms. Yitzhak, and on March 11, 2016, the settlement check in the amount of $595,274.87 was received and deposited to Mr. Verner's Wells Fargo Bank IOLA account. With Mr. Lambe's knowledge and consent, Mr. Verner's attorney's fees and other litigation defense fees were deducted before the remaining balance of $320,250.00 were disbursed. The funds were disbursed on March 21, 2016 and at the request of Mr. Lambe were made payable to his wife, Janet Lambe.

The jury verdict of $1 Million on February 1, 2016, was later satisfied through a surety bond in May 2018. Two deposits[1], in the total amount of $1,009,000.00 were made to Mr. Verner's Wells Fargo Bank IOLA Account. In May 2018, with Mr. Lambe's knowledge and approval, Mr. Verner deducted the attorney's fee and other litigation defense fees before the remaining balance of $537,499 was disbursed to Mr. and Mrs. Lambe. All of the transfers and disbursement including supporting Wells Fargo Bank IOLA account records and wire instructions have been produced to petitioner. The records confirm that no funds remain in Mr. Verner's IOLA account pertaining to the Federal Action which could satisfy petitioner's judgment against Mr. Lambe.

---

[1] On May 4, 2018, $1,003,557.18 was deposited and on May 7, 2018, $5,422.80 was deposited to Verner's IOLA Account.

5

**LEGAL ARGUMENT**

**I.     RESPONDENT PAUL VERNER HAS STANDING TO MOVE TO QUASH THE SUBPOENA AND MAY ASSERT ANY OBJECTION PERMITTED UNDER RULE 26**

As an initial matter, Mr. Verner has standing to move this Court to quash the Subpeona. A party to a litigation has standing to bring a motion to quash a non-party subpoena if the party bringing the motion claims a "personal right or privilege" with regard to the documents sought. *Trump v. Vance*, 941 F.3d 631, 642 n.15 (2d Cir. 2019).

The "personal rights" that create standing include a person's rights with respect to their personal financial information or a proprietary interest in the subpoenaed matter. *See, Allstate Ins. Co. v. A & F Med. P.C.,* No. 14-CV-6756, 2016 U.S. Dist. LEXIS 168554, 2016 WL 7116067, at *2 (E.D.N.Y. Dec. 6, 2016). "In this Circuit, courts are generally in agreement that financial records…fall within the scope of information to which a party enjoys a personal right or privilege." *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2017 U.S. Dist. LEXIS 43668, at *26 (E.D.N.Y. Mar. 24, 2017). *See also Orly Indus., Inc. v. Rite Aid Hdqtrs. Corp.*, No. 12-CV-855, 2014 U.S. Dist. LEXIS 79627, at *2 (E.D.N.Y. June 11, 2014) ("[A] party may have 'a sufficient privacy interest in the confidentiality of records pertaining to their personal financial affairs so as to give them standing to challenge the subpoenas.'")

Furthermore, standing may also be found when the movant "has a sufficient privacy interest in the confidentiality of the records sought." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. MISC 08-347(ARR)(MDG), 2010 U.S. Dist. LEXIS 40653, at *14-15 (E.D.N.Y. Feb. 5, 2010) (internal citations omitted) (non-party had standing to quash, and was successful in quashing subpoena issued to a non-party internet service provider that would reveal his identity and whereabouts). Further, Rule 45(c)(3)(B) states that "[t]o protect a person subject to or affected

by a subpoena, the court…may, on motion, quash or modify the subpoena if it requires…disclosing a trade secret or other confidential research, development, or commercial information."

Here, the requests made in the Subpoena are requesting an unnecessary full disclosure of Mr. Verner's financial information. Specifically, the Subpoena requests the "production of those monthly statements and records, including check copies, ACH and wire information, from the Basic Business Checking IOLTA account, account number 5848704903, for the time period January 1, 2016 through present day, from the VERNER SIMON, INC. NY IOLA ATTORNEY SPECIAL ACCOUNT." (**Exhibit A**).

It is well-settled that parties have standing to challenge non-party subpoenas that seek confidential information about the party's activities or the non-party's business relationship with the party. *See, e.g., Fox Indus., Inc. v. Gurovich*, No. CV 03-5166, 2006 U.S. Dist. LEXIS 73035, 2006 WL 2882580, at *13 (E.D.N.Y. Oct. 6, 2006) (finding non-party had standing to challenge third-party subpoena seeking mortgage documents which the court analogized with financial records). There can be no dispute that Mr. Verner has standing to bring this motion based on his own personal interest in the documents subpoenaed as well as to protect his clients that have nothing to do with any of the issues in the instant turn over proceeding..

As such, Mr. Verner has a significant privacy interest in the confidentiality of the records and has standing to move to quash the Subpoenas.

## II. THE SUBPOENA SEEKS SENSITIVE FINANCIAL AND OTHER DOCUMENTS WHICH ARE IRRELEVANT AND NOT PROPORTIONAL TO THE NEEDS OF THE CASE

A subpoena issued pursuant to Rule 45 must meet Rule 26(b)(1)'s relevance standard. A court must quash a subpoena if it requests documents beyond the scope of discovery. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010).

7

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding non-privileged matter that is relevant to any party's claim or defense **and** proportional to the needs of the case". Subpoenas issued pursuant to Rule 45 are "subject to Rule 26(b)(1)'s overriding relevance requirement." *Ford Motor Credit Co. v. Meehan*, No. CV 05-4807 (DRH) (AKT), 2008 U.S. Dist. LEXIS 53192, at *12 (E.D.N.Y. July 11, 2008); *see also, Sky Med. Supply Inc. v. SCS Support Claim Servs.*, 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y. Mar. 24, 2017) (To overcome a motion to quash a subpoena, the party issuing the subpoena must demonstrate the relevance of the documents it seeks.).

Accordingly, the party issuing the subpoena "must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Sky Med. Supply Inc. v. SCS Support Claim Servs.*, No. CV 12-6383 (JFB) (AKT), 2017 U.S. Dist. LEXIS 43668, at *9 (E.D.N.Y. Mar. 24, 2017). The Federal Rules specifically permit the Court to quash a subpoena if it may require the disclosure of confidential information and the party serving the subpoena has not shown "substantial need." Rule 45(c)(3). *See also, Solomon v. Nassau Cnty.*, 274 F.R.D. 455, 460 (E.D.N.Y. 2011) (The decision to grant or deny a motion to quash is left to the district court's sound discretion.).

Here, even a cursory review of the Subpoena reveals that such petitioner's requests are both irrelevant and disproportionate to the needs of this case. The Subpoena requests a full eight year disclosure of all transactions in Mr. Verner's Wells Fargo Bank IOLA Account not just those pertaining to the Federal Court action.  The financial transactions between Mr. Verner and his other clients with in no way assist petitioner in satisfying her judgment against Mr. Lambe. Accordingly, the Subpoena should be quashed because Petitioners cannot establish any need, much less "a substantial need" for the Wells Fargo Bank documents.

8

### III. THE SUBPOENA IS OVERBROAD, DUPLICATIVE, UNDULY BURDENSOME, AND MOOT

Most importantly, the Subpoena should be quashed as it seeks cumulative and duplicative discovery and should be rendered as moot given Mr. Verner's supplemental disclosure of October 7, 2024 in which he produced complete and unredacted copies of his Wells Fargo Bank IOLA account records pertaining to the Federal Court litigation and disbursements made to Mr. Lambe and himself for attorney's fees.

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920 (E.D.N.Y. Mar. 31, 2016) (citation omitted). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is overbroad, duplicative, or unduly burdensome." *Id*. (citation omitted). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Ebbert v. Nassau County*, 2007 US Dist LEXIS 15159, at *11 (E.D.N.Y. 2007).

On October 7, 2024, Mr. Verner produced supplemental discovery responses and documents containing relevant financial information which is at the heart of this turn over action. Mr. Verner's Wells Fargo Bank IOLA records of other clients will provide no insight to assist petitioner in satisfying her judgment against Mr. Lambe. To the extent that the scope of the

9

subpoena was narrowed to only include tractions pertaining to the Federal Court action and Mr. Lambe, it would still be moot as this information has been fully disclosed and as such the need for the subpoena should be deemed moot. The October 7, 2024 production affirmatively establishes that the $686,555.85 of the $1,604,254.85 has been fully disbursed to Mr. Verner. The accounting traces and confirms each transaction and confirms that no funds remain in his Wells Fargo Bank IOLA account that could be used to satisfy petitioner's judgment. **(Exhibit B).**

Moreover, the Subpoena is inappropriate and has no purpose other than to harass and overburden Mr. Verner while, at the same time, cause alarm to Mr. Verner that his clients other than Mr. Lambe will be jeopardized by involuntary disclosure of otherwise privileged commercial and business information. The Subpoena demands **eight years'** of Client trust banking records that requires hours of attorney review and then segregated/redacted production of confidential and privileged information wholly unrelated to this matter. It is more probable than not that the subpoena will result in the mishandling of the confidential information contained in the banking records will further burden the Court with future avoidable motion practice. In fact, from the record displayed thus far, it seems that Petitioners are attempting to use the Subpoena improperly as a sham discovery device to obtain confidential and sensitive documents that is otherwise not discoverable – at least not within the proper intended uses of a subpoena. At best, the subpoena is a broad fishing expedition without scope, apparently with a primary design to leverage other issues in the first litigation which attorney Yitzhak and her counsel are pursuing against attorney Verner in the S.D.N.Y. We submit that the subpoena is a bad faith litigation tactic without true discovery merit. Accordingly, the Subpoena is not proportional, is inappropriate, patently overbroad, unnecessary and therefore should be quashed.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Respondent Paul Verner respectfully request that his motion be granted in its entirety, that the Court quash the Subpoena in its entirety, together with such other relief this Court deems just and proper.

Dated: New York, New York
October 7, 2024

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: ____*/s/ Erin O'Leary*____
Erin O'Leary, Esq.
*Attorneys for Respondent*
PAUL VERNER
77 Water Street, Suite 2100
New York, New York 10005
Tel: (212) 232-1408
erin.oleary@lewisbrisbois.com