UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE LAW OFFICES OF ERICA T. YITZHAK
AND ERICA T. YITZHAK, ESQ. P.C.,

                        Petitioners,

    -against-

TROY LAMBE, MAX DIVERSIFIED INC.,
SUNRAY SOLAR INC. AND PAUL VERNER,

                        Respondents,
------------------------------------------------------------------------X

Case No. 24-cv-3553-RER

**DECLARATION
OF PAUL W. VERNER**

      PAUL W. VERNER, pursuant to 28 U.S.C §1746, hereby declares the follows facts and submits the appended authenticated documents under penalty of perjury under the laws of the United States:

      Respondent's counsel's 12 enumerated "facts" are well outside the scope of my counsel's argument on her motion to quash wholly irrelevant to the proper analysis of whether a subpoena should be quashed.  My rebuttal/response to each is set forth below in any event:

1. Petitioners initially sought communication with Mr. Verner to have him voluntarily provide the financial information needed for Judgment Creditors to enforce their Judgment.

    **Exaggerated**: Mr. Weinstein threatened the undersigned with ancillary litigation surrounding an existing frivolous legal malpractice action in the SDNY (which he intended to take over) and started communicating directly with falsely charging me with wrongfully holding funds from a 2016 litigation underlying the malpractice action. The matter was submitted to my carrier.  See, Exhibit A (Weinstein emails). The alleged fact is also irrelevant to this motion.

148319132.1

2. When those efforts at communication failed, Mr. Verner was served with a Subpoena on March 2, 2024.

    **Exaggerated**: See 1. above. The tactics were improper – Weinstein knew I was represented by counsel in the SDNY and that his subsequently served state court subpoena was duplicative and designed to harass. The alleged fact is also simply irrelevant to this motion.

3. Service of this subpoena was accepted by his attorney, Erin O'Leary. Exhibit 2.

    **Exaggerated**: See 1. above.

4. Even though his attorney had accepted service of process, Mr. Verner defaulted on responding to the subpoena or providing the financial information demanded.

    **False**: My attorney, Ms. O'Leary, had arranged to respond if documentary evidence could not be exchanged satisfying attorney Weinstein's inquiries. O'Leary was not aware that Weinstein intended to succeed the attorney then prosecuting the specious malpractice case in the SDNY. The alleged fact, even if true, is irrelevant to this motion.

5. After Mr. Verner defaulted on the Subpoena, on April 2, 2024, a letter was sent to his attorney noting the multitude of written efforts (March 12, 14, 20, 22, 26, 28 and 30) made at communication with her, all without effect.

    **False**: Attorney O'Leary had arranged to respond if documentary evidence could not be exchanged satisfying attorney Weinstein's inquiries. O'Leary was unaware that Weinstein intended to succeed the attorney then prosecuting the specious malpractice case in the SDNY. The alleged fact, even if true, is irrelevant to this motion.

6. Given Mr. Verner's sustained refusal to provide the requested information, Plaintiffs were constrained to bring a turnover action against Mr. Verner for this information.

148319132.1

> **False**: The turnover action is clearly part of attorney Weinstein's litigation strategy to use multiple frivolous claims in both state and federal court to gain improper leverage in each proceeding. The alleged fact, even if true, is irrelevant to this motion.

7. Upon receipt of the Petition, instead of providing the financial information sought, Mr. Verner injudiciously wasted valuable Court resources by removing this matter to Federal Court.

   **False**: The turnover action is clearly part of attorney Weinstein's litigation strategy to use multiple frivolous claims in state and federal court to gain improper leverage in each proceeding. The removal was proper as was the subsequent motion in the SDNY to consolidate actions which is sub judice. The alleged fact, even if true, is irrelevant to this motion.

8. The undersigned then needlessly caused discovery demands to be filed in this matter.

   **Incoherent**: We cannot comprehend how a Respondent is able to "cause discovery demands to be filed in this matter". The alleged fact, even if true, is irrelevant to this motion.

9. Then, Mr. Verner failed to respond to Plaintiffs' discovery demands which had narrowly sought financial information.

   **False**: The subpoena service is also clearly part of attorney Weinstein's misguided litigation strategy to use multiple frivolous claims in state and federal court to gain improper leverage in each proceeding. The alleged fact, even if true, is irrelevant to this motion.

10. The undersigned additionally failed to adhere to Judge Locke's clear instructions to provide the banking information without further delay.

148319132.1

**False**: The Court is well aware that there is also a pending motion for contempt and to compel and those briefs are before the Court (Doc. Nos. 24, 25, and 28)  The undersigned asserts there his complete and total production of all relevant documents necessary to sup[port a dismissal of the Petition against him as a non-party stakeholder.  The alleged fact, even if true, is irrelevant to this motion and is subject to other motions which are sub judice.

11. Although Mr. Verner supplemented his anemic response, he has still refused to provide key financial information, namely, the account numbers and banking institutions of recipients of funds earmarked for the Judgment Debtors.

    **False**: The Court is well aware that there is also a pending motion for contempt and to compel and those briefs are before the Court (E Doc. Nos. 24, 25, and 28). The undersigned asserts there the complete and total production of all relevant documents necessary to support a dismissal of the Petition against him as a non-party stakeholder.  The alleged fact, even if true, is irrelevant to this motion.

12. Having ignored process, having ignored discovery demands, having ignored the Court's instructions, Plaintiffs have no other recourse to obtain the financial information needed except by subpoena to a third-party.

    **False**: Mr. Weinstein's legal conclusion, which based upon false, exaggerated, and irrelevant factual proffers above, should be ignored.  Zero, zero and zero does not add up to a conclusion that a legitimate, proportionate, and necessary third-party discovery device seeking confidential and privileged business/banking information has been demonstrated to be proper of necessary in this case.   It simply is not because all the relevant, existent and proportionate documents have already been produced in Court.

148319132.1

Accordingly, I respectfully request that this misguided and palpably improper Subpoena be quashed in its entirety. I further submit that it is amply demonstrated that I have no funds owned by the Judgement Debtors to turn over and the Petition should be dismissed as against me.

Dated: New York, New York
November 1, 2024

*/s/ Paul W. Verner*
**PAUL W. VERNER**
PV-0274

148319132.1