THE **WEINSTEIN** GROUP, P.C.                                                    **Lloyd Weinstein <ljw@theweinsteingroup.net>**

## 2:24-cv-03552-RER-SIL The Law Offices of Erica T. Yitzhak et al v. Lambe et al
1 message

**Lloyd Weinstein <ljw@theweinsteingroup.net>**                                       Wed, Apr 16, 2025 at 3:41 PM
To: "O'Leary, Erin" <Erin.OLeary@lewisbrisbois.com>, Danielle Creegan <dc@theweinsteingroup.net>
Bcc: Erica Itzhak <erica@etylaw.com>

Erin:

With respect to the captioned matter, I have been reviewing my notes for the same.

Attached is the Court's Docket Text for Document 17 as well as the accompanying Order, together with the transcript of
the proceedings on September 16, 2024, which clearly directed your client to provide certain financial information as well
as commented upon Defendant's counsel's practices.

Upon a review of my notes and files, I do not see that your client ever did comply with the Court's directives.

To provide guidance, I am also attaching my letter of October 9, 2024 which outlines with specificity those deficiencies in
the information provided. I do not see a response from you to this correspondence.

Kindly accept this letter as a good faith effort to avoid filing a motion with the Court. Given the Court's specificity, my client
has instructed me to move for contempt of Court should the information directed to have been released not be received
within seven (7) days, or April 23, 2025. Your client's failure to comply with the Court's clear directive will leave my client
no choice but to proceed as outlined herein.

Cordially,

Lloyd.

--
Lloyd J. Weinstein, Esq.*



The Weinstein Group, PC
        *Admitted in New York, New Jersey and Florida
6800 Jericho Turnpike, Suite 112W
Syosset, New York 11791
Tel:    (516) 802 5330
Fax:    (516) 802 5332
Cell:   (516) 318 4934

Our transmission of documents by electronic means is intended as a courtesy only. The use of this format does not
constitute our consent to accept service of pleadings or process via electronic means, and such service is expressly
refused.

The accompanying transmission and any attachment is a confidential communication. As such, it may constitute attorney
work product, an attorney-client communication or other privileged information. This office engages in debt collection and
this communication may be attempting to collect a debt. Any information obtained may be used for that purpose.

**4 attachments**

📄 **123121698589.pdf**
   152K

📄 **Locke transcript.pdf**
   138K

📄 **Eastern District of New York - LIVE Database 1.8 (Revision 1.8.1).pdf**
   300K

📄 **123121785788 (1).pdf**
   154K

| UNITED STATES DISTRICT COURT | CIVIL CONFERENCE |
|---|---|
| EASTERN DISTRICT OF NEW YORK | MINUTE ORDER |

| BEFORE: STEVEN I. LOCKE | DATE: 9/16/24 |
|---|---|
| U.S. MAGISTRATE JUDGE | TIME: 10:00 am |

**CASE: CV 24-3552(RER) The Law Offices of Erica T. Yitzhak v. Lambe et al**

TYPE OF CONFERENCE: STATUS                 FTR: 10:51-11:07

APPEARANCES:
    For Plaintiff:   Lloyd Weinstein

    For Defendant: Grace Song

**THE FOLLOWING RULINGS WERE MADE:**

☒    ORDER: Oral argument held. Plaintiff's motion to make a full-blown motion to compel the distribution of funds, DE [13], is granted. Briefing schedule below.

        Plaintiff's motion to compel discovery responses, DE [14], is granted in full. Defendant filed untimely opposition well outside the time for briefing without seeking permission of the Court. In addition, the Court is skeptical of the relevance argument made in opposition, which, when elaborated upon at oral argument, turned out to be a claim that because Defendant should win the case on the merits, he should not have to produce the discovery sought. The Court rejects this argument. Plaintiff is not required to take Defendant's word on what is relevant. All of this discovery will be produced without objections no later than September 30, 2024, and it will all be maintained by Plaintiff's counsel on an attorneys-eyes only basis, to be used for the purpose of this litigation and no other purpose.

        Defendant's cross-motion for leave to file a motion to quash, DE [15], is also granted, briefing schedule below.

        The briefing schedule for both motions is as follows:
            Moving papers served: September 30, 2024
            Opposition papers served: October 18, 2024
            Reply papers served: October 25, 2024
            All papers filed: October 28, 2024

        Courtesy copies will be provided to chambers at the time of filing.

                    SO ORDERED

                    /s/Steven I. Locke
                    STEVEN I. LOCKE
                    United States Magistrate Judge

FILED
CLERK

3:03 pm, Oct 07, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE LAW OFFICES OF ERICA T. YITZHAK, et al., | * * * | Case No. 24-CV-03552 (RER) |
| Plaintiffs | * * * | Long Island Federal Courthouse 100 Federal Plaza |
| v. | * * | Central Islip, NY 11722 |
| TROY LAMBE, et al., | * * | September 16, 2024 |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiffs:          LLOYD J. WEINSTEIN, ESQ.
                             The Weinstein Group, P.C.
                             6800 Jericho Turnpike, Ste 112W
                             Syosset, NY  11791

For the Defendants:          GRACE SONG, ESQ.
                             Lewis Brisbois Bisgaard &
                              Smith
                             77 Water Street, Ste 2100
                             New York, NY  10005

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

Fiore Reporting and Transcription Service, Inc.
Shelton, CT 06484 (203)732-6461

2

| 1 | (Proceedings commenced 10:51 a.m.) |

1    (Proceedings commenced 10:51 a.m.)

2    THE CLERK:  Calling Case 24-CV-03552, The Law

3    Offices of Erica T. Yitzhak v. Lambe, et al.  Counsel, please

4    state your appearance for the record.

5    MR. WEINSTEIN:  Lloyd Weinstein, from The Weinstein

6    Group, 6800 Jericho Turnpike, Suite 112W, Syosset, New York

7    11791, on behalf of the plaintiffs.  Good morning, Your

8    Honor.

9    THE COURT:  Good morning.

10    MS. SONG:  Grace Song, from Lewis Brisbois Bisgaard

11    and Smith, 77 Water Street, New York, NY 10005, on behalf of

12    the defendant, Paul Verner.

13    THE COURT:  Good morning.  Please be seated.

14    Okay.  We're here with several motions on the

15    docket.  Two from plaintiff.  One entitled motion to compel

16    disbursement of funds, Docket Entry 13.  Then there's a

17    motion for discovery, which really seems to ask for

18    permission to make a motion.  That's Docket Entry 14.  And

19    Docket Entry 15, which is a motion or a letter motion asking

20    to make a motion to quash.  And then opposition to the motion

21    for discovery, which is Docket Entry 16.

22    Mr. Weinstein, my recollection in this case is you

23    represent a client who's got a judgment against the

24    defendants.  And then this defendant is the lawyer who is

25    holding money for the judgment defendant.  Is that right?

3

| | |
|---|---|
| 1 | MR. WEINSTEIN:  That's exactly right, Your Honor. |
| 2 | THE COURT:  And colloquially speaking, you're |
| 3 | opinion is you're tired of getting jerked around? |
| 4 | MR. WEINSTEIN:  That is exactly right as well. |
| 5 | THE COURT:  Okay.  Ms. Song, I have a number of -- |
| 6 | First of all, with respect to your motion to compel |
| 7 | the transfer of the -- permission to make a motion.  I do not |
| 8 | require pre-motion letters, so you can -- Docket Entry 13 is |
| 9 | granted.  You can make that motion. |
| 10 | MR. WEINSTEIN:  Thank you. |
| 11 | THE COURT:  But the question I have is if you were |
| 12 | to get that motion, wouldn't you need to compel -- wouldn't |
| 13 | that obviate everything?  If you win?  I don't know what the |
| 14 | merits would result in. |
| 15 | MR. WEINSTEIN:  So as -- Your Honor summarized |
| 16 | everything correctly.  This is a turnover proceeding for |
| 17 | information or money.  So the information that we've gotten |
| 18 | has been partial and incomplete.  That's part of the motion |
| 19 | to compel. |
| 20 | But one of the other motions that Your Honor |
| 21 | mentioned, which is Number 14, which is to release the -- I'm |
| 22 | sorry, which is Docket Number 14, which is to release the |
| 23 | funds, is if you look at the accounting that's been provided |
| 24 | by the defendants, such as that accounting is, it still shows |
| 25 | that there's $681,000 in this account. |

4

1          THE COURT:  Before you get there, hold on.  It's
2    Docket Entry 13 is the motion for permission to make a motion
3    to turn over the money.
4          MR. WEINSTEIN:  Excuse me, Your Honor.  You're
5    correct.
6          THE COURT:  Okay.  And I'm not -- I don't want to
7    talk about the merits of that motion --
8          ATTORNEY SCULLY:  Yes, Your Honor.
9          THE COURT:  -- because I'm not going to decide that
10   now anyway.  And like I said, you can make the motion.
11         My question though is if you're -- whatever that
12   motion looks like, I want you to turn over $10 million and
13   it's granted, does that obviate Docket -- the motion at
14   Docket Entry 14, which is to compel the production of
15   documents and interrogatory responses?
16         MR. WEINSTEIN:  No, it would not.
17         THE COURT:  It would not.  Okay.  All right.
18         Ms. Song, I've a number of questions for you on
19   your motion papers.
20         MS. SONG:  Yes, Your Honor.
21         THE COURT:  You received -- the motion was filed,
22   motion to compel whether -- was filed on August 20th, right?
23   And you -- it was a letter motion.  And you responded on
24   September 13th.  Twenty-three days later, and on the Friday
25   evening before this hearing, right?

5

1           MS. SONG:  Yes, Your Honor.

2           THE COURT:  And you did not ask for an extension of

3      time despite the fact that my individual rules, as well as

4      the local rules, require you to respond in four days,

5      correct?

6           MS. SONG:  I apologize, Your Honor.

7           THE COURT:  And you didn't ask for extra time, did

8      you?

9           MS. SONG:  No, Your Honor.

10          THE COURT:  And then you start off talking about

11     how you complied with the Court's June 25, order even though

12     there was a subsequent scheduled order permitting discovery

13     in the normal course of this case on an expedited basis,

14     which is what I had promised you on June 25th, right?

15          MS. SONG:  Yes.  Correct, Your Honor.

16          THE COURT:  So your recitation of what happened in

17     response to the June 25th order is irrelevant, isn't it?

18          MS. SONG:  Well --

19          THE COURT:  The question is whether you adequately

20     responded to the discovery request?

21          MS. SONG:  I believe we did, Your Honor.

22          THE COURT:  That's not what I'm asking you, right?

23          What I'm asking you is that you're recitation of

24     facts related to the June 25th order are irrelevant?  That's

25     a yes or no question.

6

1          MS. SONG:  Well, in terms your -- the Court's

2     directive to produce those documents --

3          THE COURT:  That's not the subject of the motion

4     though.

5          The subject of the motion is to compel proper

6     responses to subsequent discovery requests.

7          The motion is not about your June 25th disclosure.

8     The June 25th order was an effort to obviate all of the

9     nonsense that is now going on in this case dealing with

10    trying to enforce a judgment already obtained.

11         MS. SONG:  Well, first off, Your Honor, that

12    judgment was not against my client.  Defendant Verner is

13    actually --

14         THE COURT:  Which makes me question even more what

15    all the hullabaloo is about.

16         MS. SONG:  I'm sorry.

17         THE COURT:  Your client doesn't lose in the end of

18    this.  It's whether he discloses information.  And if he

19    turns over money that's not his that may or may not belong to

20    the plaintiff.  Right?

21         MS. SONG:  Well, that's -- that's the basis of our

22    motion to quash is that they don't -- they're not entitled to

23    that funds to begin with because the $1.6 million is from the

24    settlement funds from the underlying case that was settled --

25         THE COURT:  But the motion to quash is -- if you

7

```
 1      were to lose the motion to quash, you just -- you don't

 2      (indiscernible) the funds.  You're just getting information -

 3      - he's just getting information from the bank.

 4              MS. SONG:  Well, it's -- so it's my client's IOLA

 5      account.

 6              THE COURT:  Right.

 7              MS. SONG:  The plaintiff had no -- had -- we

 8      believe the plaintiff has no standings for those funds

 9      because those funds were --

10              THE COURT:  Well, he's arguing that some of the

11      funds are his.  Obviously, if -- I don't think he thinks that

12      every dime in that account belongs to him.  Right?

13              MS. SONG:  Yes.  But then the -- the balance that

14      he -- that plaintiffs are alleging that belongs to them,

15      which is the $600,000 --

16              THE COURT:  Right.

17              MS. SONG:  -- were my client's attorney fees that

18      were deducted from the total of settlement funds.  And that

19      was already agreed upon and negotiated with his -- my

20      client's client, which is Mr. Lambe.

21              THE COURT:  But doesn't that go to the merits of

22      this case, not discovery?  I mean, you may win at the end.  I

23      have no idea.

24              MS. SONG:  Yes.  But going back to my responses,

25      our discovery responses, we believe those were sufficient.
```

8

```
 1      We don't believe that -- we weren't trying to, you know, just
 2      hide or ignore the demand.  But those demands are about
 3      financial statements about Mr. Lambe, about his company,
 4      about his wife, which my -- my client has -- he doesn't have
 5      any.
 6                  THE COURT:  That may be.  But again, you're arguing
 7      the merits.  Right?  (Indiscernible) here's you've got a
 8      lawyer who's representing another lawyer, who if there's a
 9      confidentiality order in this case -- I don't remember if
10      there is, but we can certainly enter one -- would keep
11      everything confidential.  Look through the -- I guess the
12      ledger for the IOLA account to see what's in there.  Depose
13      your client, who will probably -- who may very well say
14      exactly what you've just explained and then we're done.
15      Right?
16                  MS. SONG:  Yes, Your Honor.  But we believe that we
17      already disclosed those documents.  We disclosed the IOLA
18      account which --
19                  THE COURT:  No.  What you're saying is you
20      disclosed what you believe is relevant, all the relevant
21      information.  That's what you're saying.  You didn't disclose
22      everything.
23                  MS. SONG:  Well, we did, Your Honor, to the extent
24      that it established the money trail.  The bank statements --
25                  THE COURT:  Well, to the extent that it -- but now
```

9

1    you're saying he has to take your word for it.

2           MS. SONG:  But he hasn't also given us any

3    arguments or hasn't told us what else is missing.  He's just

4    -- he just wants -- we believe he's doing a fishing

5    expedition because the IOLA account does state the

6    transaction that was deposited and withdrew -- but dispersed

7    to --

8           THE COURT:  What you showed him, yes.

9           MS. SONG:  Yes.

10          THE COURT:  But that may be.  Like I said, you may

11   win in the end.  This smells like you're trying to win the

12   case before discovery by refusing to produce discovery.

13          In any event, the ruling of the Court follows, is

14   as follows.  The motion to compel is granted in its entirety.

15          The opposition was wildly untimely, being produced

16   on a -- filed on a Friday night where I had to come in early

17   to read it and wade through it.  And I'm not convinced of its

18   merits either.  I'm getting a sense of why plaintiffs'

19   counsel is getting frustrated in this case.

20          That being said, the production will be maintained

21   on a confidential basis, used only for the purposes of this

22   litigation.

23          Mr. Weinstein, can you look at -- evaluate the

24   information without your clients' input?  I would think you

25   could.  Because why would your client know any more than you.

10

```
 1                    MR. WEINSTEIN:  I'm sorry, Your Honor.  I couldn't

 2       hear --

 3                    THE COURT:  Could you -- once the discovery is

 4       produced, can you evaluate it without your clients' input?

 5       Meaning, can you do it on an attorney's eyes only basis?

 6                    MR. WEINSTEIN:  I think so.

 7                    THE COURT:  Okay.

 8                    MR. WEINSTEIN:  I think I can.

 9                    THE COURT:  So the -- I -- and I also don't know

10       that your client would be in an any better position than you

11       to evaluate it, because presumably there will be entries in

12       those accounts that are unrelated to this.

13                    MR. WEINSTEIN:  Of course.  Presumably.  And I --

14                    THE COURT:  Well, no.  You'll conduct a deposition

15       and then they'll walk you through it.

16                    MR. WEINSTEIN:  Exactly.

17                    THE COURT:  And that will be it.  Okay.

18                    So that's it.  The motion to compel is granted in

19       its entirety.  The production will be all answers will be

20       served without objection on or before --

21                    You can sit down, Ms. Song.

22                    MS. SONG:  Thank you.

23                    THE COURT:  -- I'm just pulling up a calendar --

24       September 30th.  And I'm just making notes.  Okay.

25                    While that's being done, the two of you can work
```

11

1   out a briefing schedule on the motion to turn over fees.

2   Although, to my mind, I would think you'd want the discovery

3   first.  But that's entirely up to you, Mr. Weinstein.  You

4   explain that they're sort of on parallel tracks.  Okay.

5       Motion to quash is -- again, Ms. Song, this time you

6   asked for permission to file a motion to quash.  You don't

7   need permission in my court to make a motion.  You should

8   work out a briefing schedule however.

9           But given the Court's order already, walk me

10  through -- just from 10,000 feet -- the motion to quash is

11  appropriate because why?  What's the gist?

12          MS. SONG:  Well, this actually goes back to

13  plaintiffs' motion to compel for the financial records.

14          THE COURT:  Is your mic on, or just pull it towards

15  you.

16          MS. SONG:  Sorry.  It goes back --

17          THE COURT:  Thank you.

18          MS. SONG:  So our motion to quash goes back to the

19  subpoena or actually the plaintiffs' motion to compel the

20  discovery.

21          Quite frankly, Your Honor, the subpoena is for the

22  IOLA account, my client's IOLA account records, which

23  --

24          THE COURT:  The same records that you're now being

25  ordered to produce?

12

```
 1              MS. SONG:  Correct.

 2              THE COURT:  Okay.

 3              MS. SONG:  But we don't -- we don't understand why

 4     plaintiff would have any standing to make those -- make a

 5     demand for that because the plaintiffs were not my client's

 6     client at that time that he received those government funds.

 7              THE COURT:  Well, the standing issue as --

 8     according to him, and I'm -- I have no idea what happened,

 9     he's -- his client's been duped out of several hundred

10     thousand dollars which were at some point held in the IOLA

11     account.  He wants to walk through that -- the ledger

12     associated with that account.  I mean, that's the gist,

13     right?

14              MR. WEINSTEIN:  Exactly.

15              THE COURT:  So there's a standing issue.  The

16     injury is if -- is his client says duped out of several

17     hundred thousand dollars.  That's the standing.

18              MS. SONG:  But our argument is why -- we don't

19     understand why he -- why plaintiffs are making the argument

20     that they're duped out of the $700,000 when they're not even

21     entitled to that money?

22              THE COURT:  Well, then, that's different.  Now

23     you're saying you win on the merits.  Which is you may.

24              I think frankly this would -- assuming your client

25     is everything you just said, but under oath, this case would
```

13

1    go a lot faster if he just shows up and walks -- walks

2    through it.  Everything will be kept confidential.  So to the

3    degree he won some settlement for some client, and it was

4    confidential, we'll keep it that way.  He can explain it.

5    Presumably it will take an hour, two hours tops.  And then

6    you'll be done.  And motions and disposition.

7              So you can make the motion.  I think you're in the

8    same place on that motion as you are on the motion to compel,

9    but I can't prevent you from making it.  So you'll do what

10   you think is appropriate.  I'd ask just that you work out

11   schedules together for both motions.

12             MS. SONG:  Yes, Your Honor.

13             THE COURT:  And then let me know and we'll so order

14   it and go from there.

15             Actually, in fact, why don't we work out a schedule

16   now.  Let's make this a little easier.

17             MS. SONG:  Your Honor?  Your Honor?

18             THE COURT:  Yes.

19             MS. SONG:  I have a question.  If I can make a

20   request for an in-camera review then for those records?

21   Instead of just producing it between the attorneys, can we do

22   it with the Court?

23             THE COURT:  No.  Why would I do that?  I won't know

24   what I'm looking at either any more -- I would need your

25   client to sit for a deposition for me --

```
1                  MS. SONG:  Okay.

2                  THE COURT:  -- to walk me through it.  And I think

3       you can imagine why I would be hesitant to want to get

4       involved at a granular level like that.  So that application

5       is denied.

6                  In terms of moving papers on the motions, how much

7       time do you need to serve moving papers, Mr. Weinstein?

8                  And then, Ms. Song, the same question to you?

9                  We'll try and exchange them.

10                 MR. WEINSTEIN:  I'm sorry, Your Honor.  You're

11      talking about on the turnover of the funds?

12                 THE COURT:  Yeah.  By what -- don't give me a time.

13      Give me a date.  When do you want to serve moving papers?

14                 MR. WEINSTEIN:  I can stick with the September 30th

15      date we picked.

16                 THE COURT:  Okay.  Then, Ms. Song, can you do

17      September 30th for the motion to quash also?

18                 MS. SONG:  Yes, Your Honor.

19                 THE COURT:  Okay.  So I'll just call them cross

20      discovery motions.  Okay.

21                 Opposition.  Ms. Song, how much time do you think

22      you'll need for opposition?

23                 MS. SONG:  Twenty days, Your Honor.  Fifteen days.

24                 THE COURT:  Just bear with me.

25                 MS. SONG:  Okay.
```

```
1                    THE COURT:  I'm counting.

2                    MS. SONG:  Sorry.

3                    THE COURT:  But that's fine.  Okay.  October 18th

4       for opposition.

5                    And then I don't think I'll need a reply for the

6       motion to quash, but I'll let you do it if you want, Ms.

7       Song.

8                    MS. SONG:  Okay, Your Honor.  Thank you.

9                    THE COURT:  How much time do you need?

10                   MS. SONG:  For the reply?

11                   THE COURT:  Yeah.

12                   MS. SONG:  Same, 14 days, 20 days.

13                   THE COURT:  Let's call it seven days.  I don't

14      think you need any days --

15                   MS. SONG:  Okay.

16                   THE COURT:  -- because I think it's going to be a

17      pretty vanilla motion to quash.

18                   And then same for you.

19                   And then everybody will file their motion papers on

20      the 28th.  Okay?

21                   MR. WEINSTEIN:  Yes, Your Honor.

22                   MS. SONG:  Yes, Your Honor.

23                   THE COURT:  Mr. Weinstein, with your motion, what

24      are -- are you envisioning a full-blown --

25                   At the motion to quash, I think you can do by
```

16

```
 1     letter, Ms. Song.  Although I'll leave it up to you.

 2              But do you -- are you needing a notice of motion

 3     and affidavits and all of that for the motion to turn over

 4     funds?

 5              MR. WEINSTEIN:  I'm sorry, Your Honor.  Am I going

 6     to need it or --

 7              THE COURT:  For again file a letter.  A letter

 8     motion as opposed to a full-blown motion?

 9              MR. WEINSTEIN:  Whichever is preferable to Your

10     Honor.

11              THE COURT:  Well, I don't -- I don't know what

12     you're going to need.  I don't know if you need like

13     affidavits and that kind of thing.  I don't have a sense with

14     this type of motion.

15              MR. WEINSTEIN:  Oh, oh, I see.

16              THE COURT:  And either way is fine, but --

17              MR. WEINSTEIN:  I think probably a formalized

18     motion --

19              THE COURT:  Okay.

20              MR. WEINSTEIN:  -- because there will be supporting

21     documentation and affidavits in support.

22              THE COURT:  Okay.  That's fine.  Do it that way.

23              And you've got three weeks anyway, Ms. Song, to get

24     together your response.  And that's enough time to get an

25     affidavit from, I assume it's just your one client --
```

17

| 1 | MS. SONG:  Yes, Your Honor. |
|---|---|

1   MS. SONG:  Yes, Your Honor.

2   THE COURT:  -- but we'll go from there.  Okay.

3   MS. SONG:  If I may ask?  I'm sorry, Your Honor.

4   THE COURT:  Yes.

5   MS. SONG:  It was plaintiffs' motion to compel?

6   THE COURT:  Well, it's to compel, but not in like

7   the general sense.  To compel turning over funds.

8   Which actually raises a question.  That's really a

9   request for an injunction, injunctive type relief, isn't it?

10   MR. WEINSTEIN:  Well, Your Honor, according to the

11   accounting that was provided, we have a certain dollar amount

12   in and a certain dollar amount out, and there is

13   approximately $681,000 that is not accounted for.

14   THE COURT:  No, no, no.  My point is does it have

15   to go to the district judge --

16   MR. WEINSTEIN:  Oh, I see.

17   THE COURT:  -- if it's a motion for injunctive

18   relief?  Not the merits of it.  It may.  Well, you'll still

19   keep the briefing schedule, although it may have to be

20   decided by Judge Reyes.

21   MR. WEINSTEIN:  Okay.

22   THE COURT:  Unless you agree otherwise, which she

23   may just refer to me anyway, but.

24   MR. WEINSTEIN:  Your Honor, I would consent to

25   that.  I mean, we're looking for speed.  And Your Honor

18

1    already has a good knowledge base of what the case is about.

2              THE COURT:  That's fine.  But I'm not going to hold

3    Ms. Song's feet to the fire.  You can think about it and

4    decide whatever you want to do in terms of how you want the

5    motion resolved and what would be most expeditious.

6              You guys can have that conversation outside of the

7    courtroom.  Okay.

8              MS. SONG:  Okay.

9              THE COURT:  Do you -- do you have another question,

10   Ms. Song, or -- I can't remember if I cut you off or not.  I

11   did not mean to.

12             MS. SONG:  No.  Well, I had another question in

13   regards to the -- the motion to compel.

14             THE COURT:  Oh, that's right.  You said it's a

15   motion to compel.

16             MS. SONG:  Fine.

17             THE COURT:  It's not really --

18             MS. SONG:  Right.

19             THE COURT:  -- a motion to compel.

20             MS. SONG:  Correct.

21             THE COURT:  That's right.

22             MS. SONG:  But it would be the funds in the -- the

23   dollar amount of the funds or the discovery regarding the

24   funds?

25             THE COURT:  You're going to have to wait for the

```
 1      motion.  I can't -- I don't --

 2                MS. SONG:  Okay.

 3                THE COURT:  I'm not in at that level.

 4                MS. SONG:  Okay.

 5                THE COURT:  Anything else?

 6                MS. SONG:  That's all, Your Honor.  Thank you.

 7                MR. WEINSTEIN:  The only question I have, Your

 8      Honor, is part of the motion to compel included a request for

 9      the recovery of fees for the making of the motion.

10                THE COURT:  Okay.  That's denied.

11                What else?

12                MR. WEINSTEIN:  That was the only thing.

13                THE COURT:  Okay.  Thank you.

14                All right.  Thank you, both.  We're done.

15                MR. WEINSTEIN:  Thank you, Your Honor.

16                MS. SONG:  Thank you, Your Honor.

17           (Proceedings concluded at 11:07 a.m.)

18

19

20

21

22

23

24

25
```

20

1

2          I, CHRISTINE FIORE, court-approved transcriber and

3    certified electronic reporter and transcriber, certify that

4    the foregoing is a correct transcript from the official

5    electronic sound recording of the proceedings in the above-

6    entitled matter.

7

8          *Christine Fiore*

9    _____          October 5, 2024

10   Christine Fiore, CERT

11        Transcriber

12

13

14

15

16

17

18

19

20

21

22

23

24

# U.S. District Court
# Eastern District of New York (Central Islip)
# CIVIL DOCKET FOR CASE #: 2:24-cv-03552-RER-SIL

The Law Offices of Erica T. Yitzhak et al v. Lambe et al
Assigned to: Judge Ramon E. Reyes, Jr
Referred to: Magistrate Judge Steven I. Locke
Demand: $1,665,000
Case in other court: Supreme Court Nassau County, 607090/2024
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 05/15/2024
Jury Demand: Defendant
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

## Petitioner

**The Law Offices of Erica T. Yitzhak**          represented by **Lloyd J Weinstein**
The Weinstein Group, PC
6800 Jericho Trnpk
Suite 112w
Syosset, NY 11791
516-802-5330
Fax: 516-802-5332
Email: ljw@theweinsteingroup.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd J. Weinstein**
6800 Jericho Turnpike
Suite 112W
Syosset, NY 11791
516-802-5330
Fax: 516-802-5332
Email: ljw@theweinsteingroup.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

## Petitioner

**Erica T. Yitzhak, Esq. P.C.**          represented by **Lloyd J Weinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lloyd J. Weinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

## Respondent
## Troy Lambe

**Respondent**

**Max Diversified Inc.**

**Respondent**

**Sunray Solar Inc.**

**Respondent**

**Paul Verner**                                    represented by **Erin Anne O'Leary**
Lewis Brisbois Bisgaard & Smith, LLP
77 Water Street
Ste 2100
New York, NY 10005
212-232-1408
Fax: 212-232-1399
Email: erin.oleary@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Grace Song**
167 Roosevelt Drive
Wood Ridge, NJ 07075
201-800-2959
Email: grace.song@lewisbrisbois.com
*ATTORNEY TO BE NOTICED*

**Paul W. Verner**
Verner Simon
30 Wall Street
8th Floor
New York, NY 10005
212-502-5500
Fax: 212-502-5400
Email: pwverner@vernerlaw.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Paul Verner**                                    represented by **Erin Anne O'Leary**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Song**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul W. Verner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**Troy Lambe**

**Cross Defendant**

**Max Diversified Inc.**

**Cross Defendant**

**Sunray Solar Inc.**

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2024 | 1 | NOTICE OF REMOVAL by Paul Verner from Supreme Court Nassau County, case number 607090/2024. ( Filing fee $ 405 receipt number ANYEDC-17880785) Was the Disclosure Statement on Civil Cover Sheet completed -No (Attachments: # 1 Exhibit A - Petitioners' Verified Petitiontion, # 2 Exhibit B - Retainer Agreement, # 3 Exhibit C - Paul Verner Colorado documents, # 4 Exhibit D- Verner Simon Documents, # 5 Exhibit E - Affidavit of service, # 6 Exhibit Affidavit of Service) (O'Leary, Erin) Modified on 5/16/2024 (LJ). (Entered: 05/15/2024) |
| 05/15/2024 | 2 | Civil Cover Sheet.. by Paul Verner (O'Leary, Erin) (Entered: 05/15/2024) |
| 05/16/2024 | 3 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (KD) (Additional attachment(s) added on 5/16/2024: # 1 Additional Corrections) (LJ). (Entered: 05/16/2024) |
| 05/16/2024 |  | Case Assigned to Magistrate Judge James M. Wicks. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (LJ) (Entered: 05/16/2024) |
| 05/16/2024 | 4 | Clerks Notice Re: Consent. A magistrate judge has been assigned as the presiding judge in this case as part of a Pilot Program, governed by EDNY Administrative Order 2023-23. In accordance with Rule 73 of the Federal Rules of Civil Procedure, Local Rule 73.1, the parties are notified that if all parties consent, the assigned Magistrate Judge is available to conduct all proceedings in this action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to this Notice is a blank copy of the consent form that should be filled out, signed and filed electronically only if all parties wish to consent. The form is also available here: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. Any party may withhold its consent without adverse substantive consequences. Do NOT return or file the consent unless all parties have signed the consent. Unless all parties consent to the Magistrate Judge jurisdiction by the deadline set forth in the Administrative Order 2023-23, a District Judge will be assigned to the case. The parties are directed to review the terms of Administrative Order 2023-23 and other materials related to the Pilot Program on the Courts website: https://www.nyed.uscourts.gov/edny-direct-assignment-pilot-program. (LJ) (Entered: 05/16/2024) |
| 05/17/2024 | 5 | ORDER OF RECUSAL: Magistrate Judge James M. Wicks recused. Case reassigned to Judge Ramon E. Reyes, Jr for all further proceedings. So Ordered by Magistrate Judge James M. Wicks on 5/17/2024. (DF) (Entered: 05/17/2024) |
| 05/28/2024 |  | Case Assigned to Magistrate Judge Steven I. Locke. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (TLH) (Entered: 05/28/2024) |
| 05/29/2024 | 6 | INITIAL CONFERENCE ORDER: An initial conference is scheduled for 6/25/2024 at 10:00 AM in Courtroom 820 of the Central Islip courthouse. Ordered by Magistrate Judge Steven I. Locke on 5/29/2024. (Attachments: # 1 SIL Individual Rules, # 2 Scheduling Order Worksheet) (JM) (Entered: 05/29/2024) |

| 06/12/2024 | 7 | NOTICE of Appearance by Grace Song on behalf of Paul Verner (aty to be noticed) (Song, Grace) (Entered: 06/12/2024) |
| 06/21/2024 | 8 | Proposed Scheduling Order by Paul Verner (Song, Grace) (Entered: 06/21/2024) |
| 06/21/2024 | 9 | *Verified* ANSWER to Complaint (Notice of Removal) *or Petition*, CROSSCLAIM against Troy Lambe, Max Diversified Inc., Sunray Solar Inc. by Paul Verner. (Song, Grace) (Entered: 06/21/2024) |
| 06/25/2024 | 10 | Minute Order for proceedings held before Magistrate Judge Steven I. Locke: Initial Pretrial Conference held on 6/25/2024. This case is primarily about Plaintiff getting access to documents to establish a paper trail concerning funds held at one point in Defendant Verners escrow account. Defense counsel will turn over the documents that confirm the representations made in court such that the parties can determine whether this case can be resolved in favor of the more fulsome litigation pending in the SDNY. In the event that this matter cannot be resolved prior to the next Court conference, the Court will set an EXTREMELY brief discovery schedule to bring this matter to a conclusion. Next Status/Scheduling Conference set for 7/30/2024 at 11:30 AM in Courtroom 820 before Magistrate Judge Steven I. Locke. So Ordered by Magistrate Judge Steven I. Locke on 6/25/2024. (KG) (Entered: 06/25/2024) |
| 07/30/2024 | 11 | Minute Order for proceedings held before Magistrate Judge Steven I. Locke: Status Conference held on 7/30/2024. A scheduling order has been entered. So Ordered by Magistrate Judge Steven I. Locke on 7/30/2024. (KG) (Entered: 07/30/2024) |
| 07/30/2024 | 12 | SCHEDULING ORDER: Discovery deadlines set; See attached order. Next Status Conference set for 9/16/2024 at 10:00 AM in Courtroom 820 before Magistrate Judge Steven I. Locke. Ordered by Magistrate Judge Steven I. Locke on 7/30/2024. (KG) (Entered: 07/30/2024) |
| 07/31/2024 | 13 | MOTION to Compel *Defendants*, MOTION for Disbursement of Funds by Erica T. Yitzhak, Esq. P.C., The Law Offices of Erica T. Yitzhak. (Attachments: # 1 Exhibit Pltfs good faith email and deficiency letter) (Weinstein, Lloyd) (Entered: 07/31/2024) |
| 08/20/2024 | 14 | MOTION for Discovery by Erica T. Yitzhak, Esq. P.C., The Law Offices of Erica T. Yitzhak. (Weinstein, Lloyd) (Entered: 08/20/2024) |
| 09/13/2024 | 15 | Letter MOTION to Quash *Subpoena*, Letter MOTION for Protective Order by Paul Verner. (Attachments: # 1 Exhibit Exhibit A - Plaintiff's Subpoena, # 2 Exhibit Exhibit B - Defendant Verner's Declaration) (Song, Grace) (Entered: 09/13/2024) |
| 09/13/2024 | 16 | RESPONSE in Opposition re 13 MOTION to Compel *Defendants* MOTION for Disbursement of Funds , 14 MOTION for Discovery filed by Paul Verner. (Attachments: # 1 Exhibit A) (Song, Grace) (Entered: 09/13/2024) |
| 09/16/2024 | 17 | Minute Order for proceedings held before Magistrate Judge Steven I. Locke: Oral argument held. Plaintiffs motion to make a full-blown motion to compel the distribution of funds, DE 13 , is granted. Briefing schedule below. Plaintiffs motion to compel discovery responses, DE 14 , is granted in full. Defendant filed untimely opposition well outside the time for briefing without seeking permission of the Court. In addition, the Court is skeptical of the relevance argument made in opposition, which, when elaborated upon at oral argument, turned out to be a claim that because Defendant should win the case on the merits, he should not have to produce the discovery sought. The Court rejects this argument. Plaintiff is not required to take Defendants word on what is relevant. All of this discovery will be produced without objections no later than September 30, 2024, and it will all be maintained by Plaintiffs counsel on an attorneys-eyes only basis, to be used for the purpose of this litigation and no other purpose. Defendants cross-motion for leave to file a motion to quash, DE 15 , is also granted, briefing schedule below. The briefing schedule for |

| | | |
|---|---|---|
| | | both motions is as follows: Moving papers served: September 30, 2024; Opposition papers served: October 18, 2024; Reply papers served: October 25, 2024. All papers filed: October 28, 2024. Courtesy copies will be provided to chambers at the time of filing. So Ordered by Magistrate Judge Steven I. Locke on 9/16/2024. (KG) (Entered: 09/16/2024) |
| 09/26/2024 | 18 | NOTICE of Appearance by Paul W. Verner on behalf of Paul Verner (aty to be noticed) (Verner, Paul) (Entered: 09/26/2024) |
| 09/26/2024 | 19 | Letter MOTION for Extension of Time to File *Motion to Quash Subpoena*, MOTION for Extension of Time to Complete Discovery */supplemental production* by Paul Verner. (O'Leary, Erin) (Entered: 09/26/2024) |
| 09/27/2024 | 20 | RESPONSE in Opposition re 19 Letter MOTION for Extension of Time to File *Motion to Quash Subpoena* MOTION for Extension of Time to Complete Discovery */supplemental production* filed by All Plaintiffs. (Attachments: # 1 Exhibit Docket Sheet in USA v. Klimenka) (Weinstein, Lloyd) (Entered: 09/27/2024) |
| 09/27/2024 | | Electronic ORDER granting DE 19 Motion for Extension of Time to File; granting DE 19 Motion for Extension of Time to Complete Discovery. Based on the representations in DE 19 , Defendants' motion for an extension of time is granted, over Plaintiffs' objections. Defendants shall produce the discovery as directed in the Court's September 16, 2024 order by no later than October 7, 2024. Further, Defendants' motion to quash will be served on October 7, 2024, Plaintiffs' opposition will be served on October 25, 2024, Defendants' reply will be served on November 1, 2024 and all papers will be filed on November 4, 2024. There will be no further extensions of these deadlines for any reason. Ordered by Magistrate Judge Steven I. Locke on 9/27/2024. (JM) (Entered: 09/27/2024) |
| 10/07/2024 | 21 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 09/16/2024, for hearing type Status Conference, before Mag. Judge Steven I. Locke. Transcriber Fiore Reporting and Transcription Service, Inc., Telephone number 203-732-6461. Email address: cmfiore17@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/28/2024. Redacted Transcript Deadline set for 11/7/2024. Release of Transcript Restriction set for 1/6/2025. (CG) (Entered: 10/07/2024) |
| 10/08/2024 | 22 | STATUS REPORT *from Paul W. Verner, Esq.* by Paul Verner (Attachments: # 1 Exhibit Exhibit 1 - SDNY Docket) (Verner, Paul) (Entered: 10/08/2024) |
| 10/08/2024 | 23 | STATUS REPORT *of Paul Verner, Esq. Part 2* by Paul Verner (Attachments: # 1 Exhibit Exhibit 2 -- Trust Ledger and Declaration of Paul Verner, # 2 Exhibit Exhibits A-D to Trust Ledger and Declaration of Paul Verner, # 3 Exhibit Exhibits E-F to Trust Ledger and Declaration of Paul Verner, # 4 Exhibit Exhibits G-H to Trust Ledger and Declaration of Paul Verner, # 5 Exhibit Exhibits I-K to Trust Ledger and Declaration of Paul Verner) (Verner, Paul) (Entered: 10/08/2024) |
| 10/09/2024 | 24 | Letter MOTION for Contempt *against Respondent Paul Verner* by Erica T. Yitzhak, Esq. P.C.. (Weinstein, Lloyd) (Entered: 10/09/2024) |
| 10/14/2024 | 25 | Letter MOTION to Seal *Exhibit 2 (Exhibits A-D) Doc. No. 23-2, and Exhibit 4 (Exhibits G-H) Doc. No. 23-4* by Paul Verner. (Attachments: # 1 Exhibit 2 (Exhibits A-D) to Doc. No. 23 with Redactions, # 2 Exhibit 4 (Exhibits G-H) to Doc. No. 23 with Redactions) (O'Leary, Erin) (Entered: 10/14/2024) |
| 10/14/2024 | 26 | RESPONSE to Motion re 24 Letter MOTION for Contempt *against Respondent Paul Verner* filed by Paul Verner. (O'Leary, Erin) (Entered: 10/14/2024) |

| 10/17/2024 | 27 | RESPONSE in Opposition re 25 Letter MOTION to Seal *Exhibit 2 (Exhibits A-D) Doc. No. 23-2, and Exhibit 4 (Exhibits G-H) Doc. No. 23-4* filed by All Plaintiffs. (Weinstein, Lloyd) (Entered: 10/17/2024) |
| --- | --- | --- |
| 10/28/2024 | | Electronic ORDER granting 25 Motion to Seal. Respondent's application to seal Exhibits 2 and 4 of Docket Entry 23, DE 23 , is granted, as the documents Respondent seeks to seal appear to have been filed inadvertently and contain confidential client information to which the public does not have a presumption of access. *See* Fed. R. Evid. 502; *see also BakeMark USA LLC v. Negron*, No. 23-CV-2360, 2024 WL 182505, at *1-2 (S.D.N.Y. Jan. 16, 2024) (granting motion to seal "targeted redactions" to publicly filed documents) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d. Cir. 1995)). The redacted versions of these documents, filed at DE [25-1] and DE [25-2] are deemed to replace DE [23-2] and DE [23-4], respectively. The Clerk of the Court is respectfully directed to seal Docket Entries 23-2 and 23-4. Ordered by Magistrate Judge Steven I. Locke on 10/28/2024. (KDW) (Entered: 10/28/2024) |
| 10/28/2024 | 28 | MOTION to Compel *turnover of funds* by The Law Offices of Erica T. Yitzhak. (Attachments: # 1 Memorandum in Support Petitioner's Memorandum in Support, # 2 Affidavit Affirmation of Erica Yitzhak in support, # 3 Exhibit Judgment, # 4 Exhibit Verner Declaration, # 5 Affidavit Respondent's Affidavit in Opposition, # 6 Memorandum in Opposition Respondent's Memorandum in Opposition, # 7 Exhibit Respondent's Exhibits A-E, # 8 Memorandum in Support Petitioner's Reply Memorandum in Support, # 9 Exhibit Verner's Emails, # 10 Exhibit Verner Subpoena, # 11 Exhibit O'Leary Acknowledgement of Subpoena, # 12 Exhibit 2024.04.02 Default Letter) (Weinstein, Lloyd) (Entered: 10/28/2024) |
| 11/04/2024 | 29 | MOTION to Quash *Subpoena* by Paul Verner. (Attachments: # 1 Memorandum in Support Memorandum of Law in support of Respondent Verner's Motion to Quash Supeona, # 2 Declaration Declaration of Erin O'Leary, # 3 Exhibit Exhibit A to O'Leary Declaration, # 4 Exhibit Exhibit B to O'Leary Declaration, # 5 Declaration Declaration of Paul Verner, # 6 Exhibit Exhibits A-K to Verner Declaration, # 7 Memorandum in Opposition Petitioners' Memorandum of Law in Opposition, # 8 Exhibit Exhibit 1 to Petitioners' Memorandum of Law in Opposition, # 9 Exhibit Exhibit 2 Petitioners' Memorandum of Law in Opposition, # 10 Exhibit Exhibit 3 Petitioners' Memorandum of Law in Opposition, # 11 Memorandum in Support Respondent's Reply Memorandum in Support, # 12 Declaration Declaration of Paul Verner, # 13 Exhibit Exhibit A to Verner Declaration) (Song, Grace) (Entered: 11/04/2024) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 04/16/2025 10:47:31 | | | |
| **PACER Login:** | eyitzhak | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:24-cv-03552-RER-SIL |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

October 9, 2024

MAGISTRATE JUDGE STEVEN I. LOCKE
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

        Re:    Yitzhak, et al. v. Lambe, et al.
              2:24-cv-03552

Dear Judge Locke:

As the Court will recall, Respondent Verner sought an extension to respond to the overdue discovery demands which was granted by the Court in its Order of September 27, 2024, allowing until October 7 to "produce the discovery as directed in the Court's September 16, 2024 Order." At 11:56pm on October 7, Petitioner received what Mr. Verner oddly also filed online as his purported response in the form of opposition to the pending motion for turnover of funds.

Respondent was specifically directed to comply with the discovery demands "without objections." As the Court can see in his filing, not only does Respondent Verner fail to provide complete responses, discussed below, he does so with several pages of objections, in direct violation of the Court's Order.

Critically missing from the information provided is any account information of the destination accounts where Verner diverted the funds. Curiously present are several transactions from Verner's escrow accounts and ledgers directly to (a) his parents (Paul and Brenda Verner); (b) to purchase property in Colorado and (c) to non-parties for unknown reasons including "John Turino[1]", "Shotgun", "Vacca", "Bassie", "NJ Defamation", "Sovereign Bank", "Amex", "Landlord", "Corporate Murder", "Gun Permit", "ISO/FLA JV Agreement", "TJ Management", "Ed Gurin", "Botton/Quinn Negligence" and "Personal Loan" none of which are explained in any fashion whatsoever. The Court should note that the ledger Respondent Verner provides does not match the limited escrow records he provided.

Although Verner studiously avoids providing an easy accounting for this Court, below is the calculation surrounding his production:

| Date | Recipient | Amount | Balance in IOLTA |
|---|---|---|---|
| 3/11/16 | Verner Simon IOLTA | $595,274.87 | $595,274.87 |
| 3/21/16 | Janet Lambe | $320,250 | $275,024.87 |
| 4/5/16 | Verner Simon | $5,000 | $270,024.87 |
| 4/14/16 | Verner Simon IOLTA | $20,000 | $290,024.87 |
| 5/11/16 | Verner Simon | $5,000 | $285,024.87 |
| 5/13/16 | Verner Simon | $115,150 | $169,874.87 |
| 5/31/16 | Verner Simon IOLTA | $9,000 | $178,874.87 |
| 5/31/16 | Verner Simon | $9,000 | $169,874.87 |
| 5/4/18 | Verner Simon IOLTA | $1,003,557.18 | $1,173,432.05 |
| 5/7/18 | Verner Simon IOLTA | $5,442.82 | $1,178,874.87 |
| 5/17/18 | Janet Lambe | $185,000 | $993,874.87 |

---

[1] Upon information and belief, John Turino is a non-attorney who referred Troy Lambe and his entities to Paul Verner.

| 5/21/18 | Max Diversified Inc | $15.000 | $978,874.87 |
| 5/21/18 | Troy Lambe | $275,000 | $703,874.87 |
| 5/30/18 | Troy Lambe | $62,449 | $641,425.87 |

The foregoing demonstrates that according to Verner's own accounting, the sum of $641,425.87 remains subject to collection by Judgment Creditors. It is shocking to note that, in addition to the unusual payments of fees made to non-parties as identified herein, on May 20, 2016, Verner's Escrow Account went into the negative when he withdrew $50,000. Support for the foregoing is set forth in Respondent Verner's production, efiled with the Court.

However, as is set forth below Mr. Verner continues to engage in gamesmanship, delay and now contempt of the Court's directives. For clarity, most of the discovery demands substantially read: "Bank statements, bank information, wiring instructions, ACH instructions, accountings, ledgers, calculations, spreadsheets, emails, letters, text messages or other communications and other documents concerning money received from or for the benefit of Troy Lambe." The name of the beneficiary is different in each demand (Janet Lambe, Max Diversified, Sunray Solar).

In response, Verner did not provide: (a) Bank statements; (b) Bank information; (c) Wiring instructions; (d) ACH instructions; (e) Calculations; (f) Spreadsheets; (g) Emails; (h) Letters; or (i) Text messages. For example, Demand Number 10 reads: "True copies of bank statements for the Escrow, IOLA, IOLTA, Special, Trust or other similar attorney account for the time period January, 2015 to the present day, of Paul W. Verner, individually and of Verner Simon." Verner did not comply with this demand.

Demand 11 reads: "Documents which support or refute the allegations made in the Affidavit of Troy Lambe dated May 29, 2020, filed at NYSCEF 150, and specifically at paragraph 10 thereof which reads, in part: "Mr. Verner is protected because he continues to hold by my calculations in escrow a substantial amount of monies (approx. $94,500.00-$418,000.00) from the Federal Court and Yitzhak settlements of $1.6 Million Dollars combined, which he will maintain until the fee dispute is resolved." Verner did not respond to this demand.

Demand 12 reads: "12. Documents that concern Respondent's written representation on February 14, 2024 that "monies were paid to me [Verner]" including an accounting of monies referenced, how the same were sent and received and how the same were used, if they were." Verner did not respond to this demand.

Respondent Verner did not provide any document that supported his numerous affirmative defenses (Demands 14-17), did not provide documents in support of his written representation that "funds were depleted" (Demand 13), and did not provide documents in support of his Declaration dated July 25, 2024 (Demands 19-22), 25-27).

Mr. Verner did not provide a response to the interrogatory demands at all.

With respect to Mr. Verner's unusual status report filed, much of what he claims will be addressed in his deposition. However, one comment warrants response herein. Mr. Verner writes: "and I have also litigated against Mr. Weinstein in another matter which I frankly cannot specifically recall at this time. I certainly recall Mr. Weinstein, however, and know his tactics to include intentional gaming of the system - to say the least." ECF Doc. No. 22. The matter that Mr. Verner is referencing is Gettry Marcus Stern & Lehrer v. Verner Simon and Paul Verner, Supreme Court, Nassau County, Index Number 278/2006, where Verner and his firm were sued for non-payment of my client's accounting services. Mr. Verner's meaningless personal attack aside, he can provide to this Honorable Court the details of that matter, the stated reasons he made my client chase him for years to obtain payment for services rendered, the determinations of the Supreme Court and the conclusion of that case.

Returning to this matter, it is clear that Respondent Verner has knowingly and intentionally not complied with the Court's Orders in several meaningful ways: (a) he failed to provide the bank routing or account information of any recipient of funds; (b) he failed to explain why his escrow records reflect that certain parties simultaneously received funds (John Turino, Durango title, Paul and Brenda Verner, etc.; (c) he failed to produce the complete bank statements demonstrating the transactions; and (d) he improperly raised objections in defiance of the Court's Orders.

Respondent Verner also studiously avoids the content of his prior declaration which confirms that he is still holding funds which are subject to collection which were earmarked for the Judgment Debtor.[2] In fact, in his odd filing, Verner now asserts that the excess funds were earmarked for him, but provides no evidence of the same.

The only one portion of Verner's status letter that is accurate is his admission of conversion of funds from his escrow account: "By 2020 all monies in my accounts were converted to my earned attorneys' fees…" ECF Doc. No. 22.

Plainly, Mr. Verner is playing games with his discovery obligations. He has disobeyed this Court's directives several times and his attorneys are helping him to do so.

Judgment Creditors are merely seeking to enforce their Judgment. For reasons that are now clear – Verner converted the money to which Creditors are entitled – Verner has refused cooperation, defied process and ignored this Court's clear instructions.

Efforts to discuss the foregoing were made, but Respondent's counsel was not available at the time of the filing of this request to the Court.

Request is herein made by Petitioner to move this Court for a finding of contempt of Court, seeking recovery of legal fees and costs and requiring Respondent to fully and completely respond to the outstanding discovery demands.

Respectfully submitted,

THE WEINSTEIN GROUP, P.C.

LLOYD J. WEINSTEIN, Esq.

---

[2] In his Declaration dated July 25, 2024, Respondent Verner swears: "16. In summary, the Exhibits A – K show the receipt of the two settlement sums in 2016 and 2018, the disbursements to the clients of net settlement proceeds **after** deducting my attorneys' fees and **the fact that the amounts left in my bank accounts** were earmarked for defense costs in Yitzhak Defense Case and at least four other Lambe/Sunray defense cases" Emphasis added.